Richard L. Fuqua
FUQUA & ASSOCIATES, PC
Texas Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com

**ATTORNEYS FOR THE DEBTOR**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| National Signs, LLC | § | Case No. 24-32403 |
| | § | |
| Debtor. | § | |

## DEBTOR'S MOTION TO CONVERT CHAPTER 11 CASE TO CHAPTER 7

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txnb.uscourts.gov/ no more than twenty-four (21) days after the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk and filed on the docket no more than twenty-four (21) days after the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

National Signs, LLC, as a debtor and debtor-in- possession (collectively, the "Debtor") in the above-referenced chapter 11 case hereby files this *Debtors' Motion to Convert Chapter 11 Case to Chapter 7* (this "Motion"), and in support thereof respectfully represent:

## Summary

1. The Debtor has determined that it is unable to operate at a break even during post-petition.

## Jurisdiction and Venue

2. The United States District Court for the Southern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion under 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court under 28 U.S.C. § 157. This is a core matter under 28 U.S.C. § 157(b), which may be heard and finally determined by this Court as a matter that may solely arise under the provisions of Title 11 of the United States Code, §§ 101 *et seq.* (as amended, the "Bankruptcy Code"). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Background

3. On May 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above captioned case. The Debtor continues to manage and operate its businesses as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On May 30, 2024, this court appointed Jarrod B. Martin as Subchapter V Trustee.

5. The Debtor's secured creditor National Signs Real Estate, LLC "Lender" asserts liens against the Debtors assets. Lender had agreed to allow the Debtor to utilize its Cash Collateral to wind down and complete ongoing projects. However, Debtor's pre-filing projections of income have not occurred. Therefore, Debtor is seeking to convert its Chapter 11 case to a Chapter 7 liquidation case.

**Supporting Authority**

6.      Chapter 11 of the Bankruptcy Code provides, "[t]he debtor may convert a case under this chapter to a case under chapter 7 of this title unless-- (1) the debtor is not a debtor in possession; (2) the case originally was commenced as an involuntary case under this chapter; or (3) the case was converted to a case under this chapter other than on the debtor's request." 11 U.S.C. § 1112(a). None of the three exceptions applies here, and the United States Court of Appeals for the Fifth Circuit, the District Court, and this Court have all described this section as conferring upon a debtor an absolute right to convert. *Texas Extrusion Corp. v. Lockheed Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir. 1988); *see also Texas Extrusion Corp. v. Palmer, Palmer & Coffee*, 68 B.R. 712, 727 (N.D. Tex. 1986); *In re Hesed Enters., LLC*, 16-10299-rlj7, 2017 WL 4457434, *8 (Bankr. N.D. Tex. Sept. 29, 2017); *but see Mahanna v. Buynum*, 465 B.R. 436, 439 (W.D. Tex. 2011) (characterizing the Fifth Circuit's statement in *Texas Extrusion* as *dicta*).

7.      The Federal Rules of Bankruptcy Procedure support the absolute nature of the Debtor's right to convert under section 1112(a). "Rule 9014 governs a proceeding … to convert a case to another chapter, *except under §§ … 1112(a) ….*" FED. R. BANKR. P. 1017(f)(1) (emphasis added). "Conversion or dismissal under §§ … 1112(a) … shall be on motion filed and served as required by Rule 9013." FED. R. BANKR. P. 1017(f)(2). In other words, this Motion does not initiate a contested matter under rule 9014, so none of the procedural protections arising thereunder apply. *See Hesed Enters., LLC*, 2017 WL 4457434 at *8 (citing rule 1017(f) for the proposition that, "[u]nlike a motion to convert or dismiss a chapter 11 case initiated by a trustee or party in interest under § 1112(b), such a motion by a debtor does not require a hearing and analysis by the court on what is best for creditors and the estate").

3

## Notice

8.      Though not required under FED. R. BANKR. P. 9013, the Debtor will provide notice of this motion to the official Service List as the Debtor respectfully submits that such notice is sufficient and that no further notice of this motion is required.

## Conclusion

**WHEREFORE, PREMISES CONSIDERED**, the Debtor respectfully requests entry of an order, substantially in the form attached hereto, converting this case to chapter 7, effective June 28, 2024.

RESPECTFULLY SUBMITTED this 28th day of June, 2024.

/s/ Richard L. Fuqua
Richard L. Fuqua
FUQUA & ASSOCIATES, PC
Texas Bar No. 07552300
8558 Katy Freeway, Suite 119
Houston, TX 77024
(713) 960-0277 Telephone
(713) 960-1064 Facsimile
RLFuqua@FuquaLegal.com

**ATTORNEYS FOR THE DEBTOR**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 26th day of June 2024, I contacted Jarrod Martin, concerning the relief requested in this Motion. Mr. Martin stated that he understood the relief requested in the Motion and was not opposed to the requested relief.

I hereby further certify that on the June 28, 2024, I spoke with Hector Duran, concerning the relief requested in this Motion and he is not opposed to the requested relief.

/s/ Richard L. Fuqua
Richard L. Fuqua

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, a true and correct copy of the foregoing Debtor's Motion to Convert Chapter 11 Case to Chapter 7 has been forwarded to all parties entitled to receive notice of same.

*/s/ Richard L. Fuqua*
Richard L. Fuqua