IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| NATIONAL SIGNS, LLC, | § | |
| | § | |
| Debtor. | § | Case No. 24-32403-jpn |

## UNOPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING 2022 KENWORTH

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MATTER ON AUGUST 21, 2024 AT 9:30 A.M. IN COURTROOM 403, 515 RUSK, HOUSTON, TEXAS 77002.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NOW COMES Altec Capital Services, LLC (hereinafter "Altec" or "Movant"), a secured creditor in the above-numbered and styled bankruptcy case, and files this its Motion for Relief from Automatic Stay and in support thereof would respectfully show the Court the following:

## I.
## Jurisdiction

1.      This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this

proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code.  This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G).

2.      National Signs, LLC (the "Debtor") originally initiated a Chapter 11 bankruptcy petition in the Houston Division of the Southern District of Texas on May 24, 2024 (the "Petition Date").  Subsequently, on July 1, 2024, the Chapter 11 case was converted to Chapter 7 (the "Conversion Date").

## II.
## Facts

3.      Altec incorporates the Affidavit of Ralph B. Griswold, III in support of the aforementioned motion and a true and correct copy is attached and incorporated hereto along with all attached exhibits.

4.      Prior to the Petition Date, Debtor signed and executed an Equipment Finance Agreement, agreement # 246355 on November 12, 2021 (the "Agreement").  A true and correct copy of Agreement is attached hereto as Exhibit "A" along with all schedules and addendums thereto. Pursuant to the terms of Agreement, Altec advanced funds in the amount of $288,533.00 to Debtor, so that Debtor could purchase the following commercial vehicle for use in its vehicle fleet (the "Vehicle"):

| QUANTITY | EQUIPMENT DESCRIPTION | VIN |
|---|---|---|
| 1 | 2022 Kenworth T370 Altec Bucket LS87 | 2NKHLJ9X9NM478135 |

4.      Pursuant to the terms of Agreement, Debtor was required to tender a document fee of $450.00, along with seventy-two (72) consecutive monthly payments of $4,780.45 scheduled to begin on December 1, 2021, and each month thereafter until the Agreement was paid in full.

5.      Additionally, per paragraph one of the Agreement, Debtor granted to Altec a first-priority security interest in the Vehicle. Altec perfected its first-priority security interest by recording a lien in favor of Altec Capital Trust on the Vehicle's certificate of title. Altec is the sole owner of Altec Capital Trust, which was formed for the purpose of holding the security interests retained by Altec pursuant to finance agreements such as the Agreement. A true and correct copy of the Vehicle's Certificate of Title reflecting Altec's first-priority security interest is attached hereto and incorporated by reference for all purposes as Exhibit "B."

6.      Although Altec fully performed all obligations owed to Debtor under the Agreement, Debtor defaulted under the terms of the Agreement by failing to make the monthly installment due on February 1, 2024, and all payments due thereafter. Thus, the balance owed under the Agreement was accelerated and, as of the Petition Date, Debtor was in pre-petition arrears in the amount of $215,120.25 with respect to the Agreement. As of the filing of this motion, $215,120.25 remains due and owing under the Agreement.

7.      As of July 15, 2024, the estimated fair market value of the Vehicle is estimated to be approximately $200,000.00, based on the age, estimated use, and type of vehicle, assuming the Vehicle is in good condition and is being properly maintained. To the extent Debtor has equity in the Vehicle, Altec requests it be reimbursed its reasonable and necessary attorneys' fees as set forth below.

8.      Moreover, it is unclear whether the Debtor is maintaining or plans on maintaining the required insurance coverage on the Vehicle or whether the Vehicle is securely being stored. Although Debtor was required to maintain insurance on the Vehicle, it is unknown if the insurance is currently effective given the Chapter 7 bankruptcy. Should the policy have lapsed in coverage, Altec's security interest in the Vehicle will be jeopardized and the Vehicle will be

subject to theft, damage, fire, vandalism, or other harm that won't be adequately protected through insurance coverage. Altec's counsel has requested proof of insurance from the Debtor but the Debtor has failed to provide said proof of insurance.

9.      The Vehicle continues to depreciate and will continue to depreciate while in the possession and use of Debtor.

### III.
### Relief from Stay

10.     By reason of the foregoing, Altec requests the Court lift the automatic stay as it pertains to the Vehicle or, alternatively, condition the automatic stay by requiring Debtor to tender adequate protection payments sufficient to offset depreciation of the Vehicle.  A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

11.     In the instant matter, no adequate protection has been offered by Debtor to Altec. If adequate protection cannot be offered, such use, sale or lease of the collateral must be prohibited." 3 Collier On Bankruptcy ¶ 363.05[2] (16th ed. 2016); *In re First South Sav. Assoc.*, 820 F.2d 700, 710 (5th Cir. 1987) (the focus of adequate protection "is protection of the secured creditor from diminution in the value of its collateral during the reorganization process."); *In re Bufford*, 343 B.R. 827, 838 (Bankr. N.D. Tex. 2006) ("adequate protection must be given to secured creditors, or they may ask that the automatic stay imposed by § 362(a) be lifted"); 3 Collier ¶ 363.05[2].  "[A]n interest is not adequate protected if the security is depreciating during the term of the stay." *United Sav. Assoc. of Texas v. Timbers of Inwood Forest Assoc., Ltd.* 484 U.S. 365, 369 (1988).  "[I]n proceeding arising under § 362(d)(1), the debtor must prove that the

secured creditor's interest is adequately protected, or the automatic stay will lift." *In re Timbers of Inwood Forest Assoc., Ltd.*, 793 F.2d 1380, 1388 (5th Cir. 1986), *affirmed*, 484 U.S. 365 (1988).

12.    Cause exists to modify and condition the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Vehicle because: (1) the Vehicle continues to depreciate in value while in the possession and use of the Debtor; (2) Debtor has not proposed tendering pre-confirmation adequate protection payments to Altec; and (3) to the extent Debtor has not provided to Altec proof of insurance coverage identifying Altec as a loss payee and/or additional insured, Altec's security interest in such Vehicle could be irreparably harmed if the Vehicle is damaged, improperly stored, improperly maintained, or stolen.

13.    In addition to the foregoing, Altec requests relief pursuant to 11 U.S.C. § 362(d)(2) of the Bankruptcy Code. Specifically, the Debtor does not have an equity interest in the Vehicle after consideration of the amounts due and payable under the Agreement.  Further, the Vehicle is not necessary for an effective reorganization by the Debtor.  Accordingly, relief from stay regarding the Vehicle is appropriate.

14.    Altec further requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and Altec be permitted to immediately enforce and implement the order lifting the automatic stay.

## IV.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Altec requests that the Court enter an order granting Altec's request to lift the Automatic Stay as to the Vehicle, grant relief from the Automatic Stay to permit Altec to foreclose its security interest in the Vehicle as prayed for in

this motion, and grant to Altec such other and further relief to which it may be justly entitled.

**Respectfully submitted,**

**PADFIELD & STOUT, LLP**
100 Throckmorton Street, Suite 700
Fort Worth, Texas 76102
Phone: 817-338-1616
Fax: 817-338-1610

/s/ Matthew D. Giadrosich
Mark W. Stout
State Bar I.D. #24008096
mstout@padfieldstout.com
Matthew D. Giadrosich
State Bar I.D. #24074274
mdg@padfieldstout.com

*Attorneys for Altec Capital Services, LLC*

## CERTIFICATE OF CONFERENCE

I certify that prior to the filing of this Motion, I conferred with counsel for Debtor, Richard L. Fuqua, II, and counsel for the Chapter 7 Trustee, Jarrod Martin. Both counsel advised that they were unopposed to the relief sought herein.

/s/ *Matthew D. Giadrosich*
Matthew D. Giadrosich

## <u>CERTIFICATE OF SERVICE</u>

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, July 26, 2024; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **National Signs, LLC**<br>2611 El Camino St.<br>Houston, Texas 77054<br><br>*Debtor* | **Richard L. Fuqua, II**<br>Fuqua & Associates, PC<br>8558 Katy Freeway, Suite 119<br>Houston, Texas 77024<br><br>*Attorney for Debtor* |
| **Randy W. Williams**<br>Byman & Associates PLLC<br>7924 Broadway, Suite 104<br>Pearland, Texas 77581<br><br>*Chapter 7 Trustee* | **Jarrod B. Martin**<br>Chamberlain, Hrdlicka, White, Williams &<br>Aughtry, P.C.<br>1200 Smith Street, Suite 1400<br>Houston, Texas 77002<br><br>*Counsel for Chapter 7 Trustee* |
| **United States Trustee**<br>515 Rusk Ave., Ste. 3516<br>Houston, Texas 77002 | **Hector Duran, Jr.**<br>U.S. Trustee<br>515 Rusk Ave., Ste. 3516<br>Houston, Texas 77002 |
| **All other creditors and parties receiving**<br>**ECF notification in this case.** | |

*/s/ Matthew D. Giadrosich*
Matthew D. Giadrosich