United States Bankruptcy Court
Southern District of Texas

**ENTERED**
October 09, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| **NATIONAL SIGNS, LLC** | § | Case No. 24-32403(jpn) |
| | § | |
| Debtor. | § | |

### ORDER APPROVING
### SUCCESSFUL BID, BACK UP BID, AND SALE

(Relates to ECF Nos. 76 and 85)

On September 10, 2024, the Court entered its order [ECF No. 85] (the "**Bidding Procedures Order**") granting the Trustee's *Emergency Motion for Entry of an Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Stalking Horse Protections and Form of Stalking Horse APA; (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date; and (V) Granting Related Relief* (the "**Sale Motion**") [ECF No. 76],[1] setting forth procedures for the sale of substantially all assets of the estate (the "**Sale Procedures**"), approving a Form of Stalking Horse APA (the "**Stalking Horse APA**"), and providing for the entry of this subsequent order (the "**Sale Order**") under Bankruptcy Code sections 105(a), 363, and 365, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas, (a) authorizing and approving the proposed sale of substantially all of the assets of the estate (**"Purchased Assets"**),[2] free and clear of all liens, claims, encumbrances, and interests of

---

[1]   Capitalized terms not defined herein have the meaning ascribed to them in the Sale Motion.

[2]   The Purchased Assets are identified as "Assets" (other than "Excluded Assets") in each of the APA's. The Backup Bidder has raised an issue as to ownership of certain equipment. The Backup Bidder filed a notice regarding such issue at ECF No. 96. This issue will be addressed by the Court at a later time only in the event that the Successful

any nature, other than any assumed liabilities; (b) approving the Asset Purchase Agreement with the Successful Bidder, Pacal Legend, LLC, under the Sale Procedures, a copy of which is attached hereto as **Exhibit 1** ("**Successful APA"**), to sell and transfer the Purchased Assets for the consideration identified therein, and authorizing the Trustee and Successful Bidder to close the transaction contemplated in the Successful APA in accordance with the Sale Procedures; (c) approving the Stalking Horse APA with Meridian Signs, LLC, the Backup Bidder under the Sale Procedures, a copy of which is attached hereto as **Exhibit 2** ("**Backup APA**" and collectively with the Successful APA, the "**APAs**") to sell and transfer the Purchased Assets for the consideration identified therein, and if the Successful Bidder fails to close by the deadline established in the Sale Procedures authorizing the Trustee and Backup Bidder to close on the transaction contemplated in the Backup APA in accordance with the Sale Procedures; (d) with respect to the Successful Bidder or Backup Bidder, as applicable, assignment of those executory contracts or unexpired leases designated in writing for assumption and assignment by the Successful Bidder or Backup Bidder ("**Assigned Contracts**"); and (e) other related relief; and the Court having conducted a hearing on the Sale Motion ("**Sale Hearing**") at which time all interested parties were offered an opportunity to be heard with respect to the Sale  Motion; and it appearing that the relief requested in the Sale Motion is in the best interests of the bankruptcy estate, its creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Sale Motion, and at the Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

Bidder fails to close by the deadline established in the Sale Procedures. Notwithstanding anything in this Sale Order or anywhere else to the contrary, all rights of the Backup Bidder and the Trustee are reserved on this issue.

---

THE COURT MAKES THE FOLLOWING FINDINGS:[3]

A.      **Jurisdiction and Venue**.  This Court has jurisdiction to consider this Sale Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Sale Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B.      **Statutory Predicates**.  The statutory predicates for the relief sought in the Sale Motion are Bankruptcy Code sections 105(a), 363, 365, 1123(a)(5) and Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014.

C.      **Final Order.**  This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).  Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Court expressly finds that there is no just reason for delay in the implementation of this Sale Order, and expressly directs entry of judgment as set forth herein.

D.      **Notice**.  Notice of the Sale, the Sale Motion, the time and place of the Bid Deadline and proposed Auction, the time and place of the Sale Hearing was reasonably calculated to provide all interested parties with timely and proper notice of the Sale Motion, the Auction and the Sale Hearing, and a fair and reasonable opportunity to object and be heard has been provided to all persons entitled to notice under applicable law and the Sale Procedures.   Additionally, the Trustee has provided Notice of the Successful Bidder and Backup Bidder and Sale Hearing [Dkt. 95] to all parties entitled to notice.

E.      **The Sale Process.**  The Sale Procedures provided a full, fair, and reasonable opportunity for any Entity to make an offer to purchase the Property. The Trustee and his professionals

---

[3]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Bankruptcy Rule 7052.

have complied in all respects with the Sale Procedures in good faith. The Properties were fully and adequately marketed.

F.   **Compliance with Sale Procedures.**   The Trustee, the Successful Bidder and the Backup Bidder have complied with all requirements of the Sale Procedure.[4]

G.   **Trustee's Authority**.   The Trustee has power and authority to execute the APAs in accordance with the Sale Procedures and all other documents contemplated thereby for the Trustee's sale of the Purchased Assets, and no consents or approvals, other than those expressly provided for in the APAs, are required for the Trustee to consummate such transactions.

H.   **Good Faith of Successful Bidder, Backup Bidder, and Trustee**.   The APAs are based on the form of Stalking Horse APA approved by the Court under the Bidding Procedures Order, and were negotiated by the Trustee, the Successful Bidder, and Backup Bidder without any collusive bidding, in good faith and from arm's-length bargaining positions, and is substantively and procedurally fair to all parties.   Neither the Trustee, nor the Successful Bidder or the Backup Bidder has engaged in any conduct that would cause or permit the APAs to be avoided under Bankruptcy Code section 363(n).   Specifically, the Successful Bidder and Backup Bidder have not acted in a collusive manner with any potential bidder and the Purchase Price under the APAs was not controlled by any agreement among bidders.   Successful Bidder and Backup Bidder, as applicable, are acquiring the Purchased Assets, in accordance with the applicable APA, in good faith and each is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code, and each is therefore entitled to all of the protections afforded by such provision.   As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, satisfactory marketing efforts

---

[4]   *See* footnote no. 5.

and a competitive sale process were conducted in accordance with the Bidding Procedures Order and Sale Procedures, among other things: (a) the Trustee, the Successful Bidder, and Backup Bidder complied with the provisions in the Sale Procedures; and (b) two Qualified Bids were received by the Qualified Bid Deadline[5] and the Successful Bid and Backup Bid were selected by the Trustee at the Auction run in accordance with the Sale Procedures.

       I.      **Highest or Otherwise Best Offer.**  The Trustee received two Qualified Bids by the Qualified Bid Deadline. As a result and in accordance with the Sale Procedures, on October 7, 2024, beginning at 2:00 p.m., the Trustee conducted an auction with the Qualified Bidders. At the conclusion of the Auction, the Trustee selected Pacal Legend, LLC as the Successful Bidder, and Meridian Signs, LLC as the Backup Bidder. Therefore, the Successful APA constitutes the highest or otherwise best offer for the Purchased Assets and will provide a greater recovery for the estate than would be provided by any other available alternative. Furthermore, the Backup APA constitutes the second highest or otherwise best offer for the Purchased Assets and will provide a greater recovery for the estate than would be provided by any other available alternative, excepting the Successful APA. The Trustee's determination that the Successful APA constitutes the highest or otherwise best offer for the Purchased Assets, and that the Backup APA constitutes the second highest or otherwise best offer for the Purchased Assets, is a valid and sound exercise of its fiduciary duty and constitutes a valid and sound exercise of the Trustee's business judgment. The consideration provided by the Successful Bidder and Backup Bidder constitutes fair and reasonably equivalent value.

       J.      **Free and Clear**.  The conditions of Bankruptcy Code section 363(f) have been satisfied in full; therefore, the Trustee may sell the Purchased Assets free and clear of any lien,

---

[5]    The Trustee extended the Qualified Bid Deadline for the Successful Bidder as to certain Qualified Bid requirements.

claim, encumbrance or interest of any nature in the property, other than the Assumed Liabilities, if any.  Neither the Successful Bidder nor Backup Bidder are assuming nor shall they be liable for any obligations of the estate other than the Assumed Liabilities, if any.

K.      Successful Bidder and Backup Bidder would not have agreed to be bound by their respective APAs and would not consummate the transactions contemplated thereby if the sale to Successful Bidder or Backup Bidder, as applicable, of the Purchased Assets was not free and clear of all liens, claims, encumbrances or interests other than any assumed liabilities under their respective APA. The Trustee may sell the Purchased Assets free and clear of any liens, claims, encumbrances or interests of any kind or nature whatsoever because in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied.  Each entity with a lien, claim, encumbrance or interest in the Purchased Assets to be transferred upon the closing of the applicable APA (the "**Closing Date**"): (i) has, subject to the terms and conditions of this Sale Order, consented to the sale or is deemed to have consented to the sale; (ii) could be compelled in a legal or equitable proceeding to accept money satisfaction of such lien, claim, encumbrance or interest; or (iii) otherwise falls within the provisions of section 363(f) of the Bankruptcy Code.  Those holders of liens, claims, encumbrances or interests who did not object to the Sale Motion are deemed, subject to the terms of this Sale Order, to have consented pursuant to Bankruptcy Code section 363(f)(2).  All holders of liens, claims, encumbrances or interests are adequately protected by having their liens, claims, encumbrances or interests attach to the cash proceeds received by the Trustee that are ultimately attributable to the property against or in which such liens, claims, encumbrances or interests are asserted, subject to the terms of such liens, claims, encumbrances or interests with the same validity, force and effect, and in the same order of priority

existing under applicable law, subject to any rights, claims and defenses the Trustee or the estate may be entitled to assert with respect thereto.

L.     **Agreed Allocation of Value on Certain Assets.** Paragraph 25 of the Bidding Procedures Order provides that "The Trustee and Stalking Horse Bidder or other Successful Bidder may, by agreement, provide for additional or revised asset value allocations in the Sale Order." The Trustee, Stalking Horse Bidder (*i.e.*, the Backup Bidder), and the Successful Bidder have agreed to the following additional value allocations on the following specified assets:[6]

| Description | VIN | Allocated Value |
|---|---|---|
| 2003 Ford F650 | 3FDNF65H03MB00828 | $10,325.00 |
| 2008 Chevrolet Tilt Master | J8BE5W16087301438 | $13,400.00 |
| 2016 Toyota Tundra | 5TFTW5F17GX009062 | $23,325.00 |
| 2017 Ford F350 | 1FDRF3GT8HED50154 | $26,400.00 |
| 2017 Ford F550 | 1FDUF5GT2HDA08033 | $29,650.00 |
| 2019 Chevrolet Silver | 1GC1CREY1KF211707 | $31,525.00 |
| 2000 TC20 Trailer | 17YBP2025YB020238 | $2,000.00 |
| 2006 Big Tex Trailer | 16VPX2020321383 | $2,000.00 |

NOW, THEREFORE, BASED ON THE FOREGOING FINDINGS, IT IS ORDERED THAT:

1.     **Motion is Granted**.  The Sale Motion and the relief requested therein is GRANTED and APPROVED, as set forth herein.

2.     **Objections Overruled**.  Any objections to the entry of this Sale Order or the relief granted herein and requested in the Sale Motion that have not been withdrawn, waived,

---

6     For the avoidance of confusion, the 2022 Kenworth T370, VIN 2NKHLJ9X9NM478135, that is the subject of Altec Capital Services, LLC's ("**Altec**") *Motion For Relief from Automatic Stay Regarding 2022 Kenworth* [ECF No. 27] and the Court's order granting said motion [ECF No. 54], as well as Altec's limited objection to the Sale Motion [ECF No. 90] is not being sold pursuant to this Sale Order.

or settled as announced to the Court at the Sale Hearing (the full record of which is incorporated herein by reference) hereby are denied and overruled on the merits with prejudice.

3.      **Approval**.  The APAs, and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved in all respects.  Pursuant to Bankruptcy Code sections 363(b) and 363(f), the Trustee is hereby authorized pursuant to Bankruptcy Code §§ 105, 363(b), 363(f) and 365 and in accordance with the Sale Procedures, to (a) execute the APAs, along with any additional instruments or documents that may be reasonably necessary or appropriate to implement the APAs, provided that such additional documents do not materially change its terms adversely to the estate; (b) consummate the sale in accordance with the terms and conditions of the applicable APA and the instruments to the applicable APA contemplated thereby; (c) execute and deliver, perform under, consummate, implement, and close fully the transactions contemplated by the applicable APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the applicable APA and the sale; and (d) take any and all actions necessary or appropriate to sell or assign the Purchased Assets.

4.      **Transfer of Purchased Assets Free and Clear of Liens, Claims, Encumbrances or Interests**.  Pursuant to Bankruptcy Code sections 105(a), 363(b) and 363(f), and in accordance with the Sale Procedures, the Trustee is authorized to transfer the Purchased Assets to the Successful Bidder or Backup Bidder, as applicable, in accordance with the applicable APA and such transfer shall constitute a legal, valid, binding and effective transfer of such Purchased Assets and shall vest the Successful Bidder or Backup Bidder, as applicable, with title in and to the Purchased Assets and, other than any Assumed Liabilities (if any), the Successful Bidder or Backup Bidder, as applicable, shall take title to and possession of the Purchased Assets free and clear of all liens, claims, encumbrances and other interests of any kind or nature

whatsoever, with all such liens, claims, encumbrances, and interests to attach to the cash proceeds received by the Trustee that are ultimately attributable to the property against or in which such liens, claims, encumbrances or interests are asserted with the same validity, force and effect, and in the same order of priority, which such liens, claims, encumbrances or interests now have against the Purchased Assets or their proceeds, if any, subject to any rights, claims and defenses the Trustee or estate may be entitled to assert with respect thereto.  By virtue of the Sale, neither the Successful Bidder nor Backup Bidder nor any of their members, successors or affiliates shall be deemed to (a) be a legal successor, or otherwise deemed to be a successor, to the Debtor or its estate under any theory of law or equity; (b) have, *de facto* or otherwise, merged with or into the Debtor or its estate; (c) have a common identity or a continuity of enterprise with the Debtor or its estate; or (d) be a mere continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or its estate or any business, enterprise, or operation of the Debtor. Upon the Closing Date under the applicable APA, to the maximum extent available under applicable law, the Successful Bidder's or Backup Bidder's acquisition of the Assets shall be free and clear of any "successor liability" claims and other types of transferee liability of any nature whatsoever.

5.      Upon the Closing Date, each of the estate's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its liens, claims, encumbrances, and interests or other interests in the Purchased Assets, if any, as such liens, claims, encumbrances, and interests may have been recorded or may otherwise exist.

6.      If any person or entity which has filed statements or other documents or agreements evidencing liens or encumbrances on, claims against, or interests in, all or any portion

of the Purchased Assets (other than statements or documents with respect to any assumed liabilities) shall not have delivered to the Trustee prior to the Closing Date, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents necessary for the purpose of documenting the release of all liens, encumbrances, claims, interests or other interests which the person or entity has or may assert with respect to all or any portion of the Purchased Assets, the Trustee is hereby authorized, and the Successful Bidder or Backup Bidder, as applicable, is hereby authorized, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Purchased Assets.

7.      Upon the Closing Date with the Successful Bidder or Backup Bidder, as applicable, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer to Successful Bidder or Backup Bidder, as applicable, of the estate's interests in the Purchased Assets.  This Sale Order is and shall be effective as a determination that, on the Closing Date, all liens, claims, encumbrances, interests or other interest of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing Date, other than any Assumed Liabilities (if any), shall have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any liens and other encumbrances of record except any that are assumed as Assumed Liabilities (if any).

8.      **Authorization to Operate and Prohibition Against Interference**.  To the greatest extent available under applicable law, the Successful Bidder or Backup Bidder, as applicable, shall be authorized, as of the Closing Date, to operate under any license, permit,

registration, and governmental authorization or approval owned or possessed with respect to the Purchased Assets, and all such licenses, permits, registrations, and governmental authorizations and approvals are deemed to have been transferred to the Successful Bidder or Backup Bidder, as applicable, as of the Closing Date.

9.       All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Purchased Assets to the Successful Bidder or Backup Bidder, as applicable, in accordance with the terms of the applicable APA and this Sale Order.

10.       **Good Faith**.  The transactions contemplated by the APAs are undertaken by the Successful Bidder or Backup Bidder, as applicable, without any collusive bidding and in good faith, as that term is used in Bankruptcy Code section 363(m) and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the sale shall not affect the validity of the sale with the Successful Bidder or Backup Bidder, as applicable, unless such authorization is duly stayed pending such appeal.  The Successful Bidder or Backup Bidder, as applicable, are each a good faith purchaser of the Purchased Assets and each is entitled to the benefits and protections afforded by Bankruptcy Code section 363(m).

11.       **Non-material Modifications**.   The applicable APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the estate.

12.       **Retention of Jurisdiction**.  This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. § 157(b)(2), to, among other things, interpret, implement, and

enforce the terms and provisions of this Sale Order and the APAs, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee, Debtor, or estate is a party or which is assigned to the Successful Bidder or Backup Bidder, as applicable, in accordance with the applicable APA, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale, including, but not limited to, retaining jurisdiction to  (a) interpret, implement and enforce the provisions of this Sale Order and the APAs; (b) adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale; and (c) protect the Successful Bidder or Backup Bidder, as applicable, against any liens, claims, encumbrances or interests or other interests in the Purchased Assets of any kind or nature whatsoever.

13.     **No Stay of Order**.   Notwithstanding the provisions of Bankruptcy Rule 6004(h) and Bankruptcy Rule 6006(d), this Sale Order shall not be stayed for fourteen days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof.  Time is of the essence in closing the transactions referenced herein as the deadline for the Successful Bidder to close on the Successful APA is 21 days after entry of this Sale Order.

14.     **Calculation of Time.**  All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

15.     **Further Assurances**.  From time to time, as and when requested by any party, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the applicable APA including such actions as may be necessary to vest, perfect

or confirm, of record or otherwise, in the Successful Bidder or Backup Bidder, as applicable, their respective right, title and interest in and to the Purchased Assets.

16.     **Trustee Authorization**.  The Trustee is authorized to take any or sign any document necessary to effectuate the sale.

17.     **Payment of Stalking Horse Protections**.  Pursuant to numbered paragraph 17 of the Bidding Procedures Order, the Stalking Horse Protections (Breakup Fee and Expense Reimbursement) shall be paid to the Backup Bidder without further Order of this Court, at the closing of the sale to the Successful Bidder who is not the Stalking Horse Bidder.

18.     **Return of Backup Bidder's Good Faith Deposit**. Pursuant to numbered paragraph 12(a) of the Bidding Procedures attached to the Bidding Procedures Order, the Backup Bidder's Good Faith Deposit shall be returned to the Backup Bidder within three business days after the closing of the sale to the Successful Bidder who is not Meridian Signs, LLC".


Signed: October 09, 2024

Jeffrey P. Norman
United States Bankruptcy Judge

Prepared by:

October 9, 2024                          Respectfully submitted,
Houston, Texas

**CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.**

By: */s/ Michael K. Riordan*
Jarrod B. Martin
Texas Bar No. 24070221
D: 713.356.1280
F: 713.658.2553
E:jarrod.martin@chamberlainlaw.com
Michael K. Riordan
Texas Bar No. 24070502
1200 Smith Street, Suite 1400
Houston, TX 77002
P: 713-356-1239
F: 713-658-2553
E: michael.riordan@chamberlainlaw.com

*Counsel for Randy W. Williams, Chapter 7
Trustee*