## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| **National Signs, LLC ,** | § | |
| | § | **Case No. 24-32403 (jpn)** |
| **Debtor.** | § | |

### FEE APPLICATION SUMMARY

| | | |
|---|---|---|
| **Name of Applicant:** | Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. | |
| **Applicant's Role in Case:** | Trustee's General Counsel | |
| **Date Order of Appointment Signed:** | 8/13/2024 (ECF No. 43) | |
| | **Beginning of Period** | **End of Period** |
| **Time period covered by this Application:** | 7/3/2024 | 9/30/2024 |
| **Time period(s) covered by prior Applications:** | n/a | n/a |
| **Total amounts awarded in all prior Applications:** | $0.00 | |
| **Total fees requested in this Application and in all prior Applications:** | $65,573.00 | |
| **Total fees requested in this Application:** | $65,573.00 | |
| **Total professional fees requested in this Application:** | $40,622.00 | |
| **Total actual professional hours covered by this Application:** | 73.20 | |
| **Average hourly rate for professionals:** | $554.95 | |
| **Total paraprofessional fees requested in this Application:** | $27,951.00 | |
| **Total actual paraprofessional hours covered by this Application:** | 83.80 | |
| **Average hourly rate for paraprofessionals:** | $333.54 | |
| **Receipts to date:** | $153,482.37 | |
| **Disbursements to date:** | $8,799.58 | |
| **Current balance in the Trustee's accounts:[1]** | $322,682.79 | |
| **Total of other payments paid to secured claimants:** | $0.00 | |
| **Total of other payments paid to administrative claimants:** | $8,799.58 | |
| **Estimated total for distribution to priority unsecured creditors:** | $0.00 | |
| **Estimate percentage dividend to general unsecured creditors:[2]** | unknown | |

---

[1] The Trustee's balances reflect two deposits from the bidders on the Debtor's assets that total $178,000.

[2] The Trustee is still evaluating potential causes of action and other assets for monetization as well as security interests.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **Chapter 7** |
| National Signs, LLC, | § | |
| | § | **Case No. 24-32403 (jpn)** |
| Debtor. | § | |

## FIRST INTERIM FEE APPLICATION OF
## CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS, & AUGHTRY, P.C.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

**A HEARING HAS BEEN SCHEDULED FOR NOVEMBER 20, 2024 AT 1:30 P.M. BEFORE THE HONORABLE JEFFREY P. NORMAN. PARTIES MAY APPEARAN IN PERSON AT 515 RUSK, COURTROOM 403, HOUSTON, TX 77002 OR VIA TELEPHONE/VIDEO.**

PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.

PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 174086.

TELEPHONIC PARTICIPANTS MAY CONNECT ON-LINE TO VIEW THE COURT'S BROADCAST ONTO THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:

https://www.gotomeet.me/JudgeNorman

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Chamberlain Hrdlicka White Williams & Aughtry, P.C.

("**Applicant**" or "**CHWWA**"), Court-approved general counsel for Randy W. Williams,

in his capacity as duly elected Chapter 7 trustee for National Signs, LLC ("**Debtor**"), and hereby applies to this court pursuant to 11 U.S.C. §§ 327, 328 and 503 for compensation of attorneys' fees and expenses totaling $73,880.77 for services rendered and expenses advanced from February 5, 2024 through September 30, 2024.  The fees requested are $68,573.00 and expenses to be reimbursed are $5,307.77. Applicant respectfully submits the following in support of this First Interim Fee Application for Compensation and Expenses in connection with these Chapter 7 proceedings ("**Application**").

## JURISDICTION, VENUE, & CONSTITUTIONAL AUTHORITY

1.      The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012).  This Motion is a core-proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      The statutory and procedural bases for the relief requested herein are 11 U.S.C. §§ 105(a) of the Bankruptcy Code,[1] Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure,[2] and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas ("**BLR**").

3.      Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The Court has constitutional authority to enter an order regarding the Application.  Court approval of fees and expenses of estate professionals has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall*

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

inapplicable.[3]   In the alternative, allowance and payment of professional fees under §§ 330(a) and 503 of the Bankruptcy Code is an essential bankruptcy matter which triggers the "public rights" exception.[4]

## BACKGROUND

5.      On May 24, 2024, National Signs, LLC ("**Debtor**") filed a voluntary petition under Subchapter V of Chapter 11 commencing this bankruptcy case ("**Bankruptcy Case**").[5]

6.      On May 30, 2024, the Office of the United States Trustee appointed Jarrod B. Martin ("**Martin**") as the Subchapter V Trustee for this case.[6]

7.      Then on June 28, 2024, the Debtor filed a Motion to Convert Case from Chapter 11 to Chapter 7, which was granted by Order dated July 1, 2024 ("**Conversion Date**"), Martin was terminated as the Subchapter V Trustee and Randy W. Williams was appointed as the Chapter 7 Trustee ("**Trustee**").[7]

8.      Then on July 17, 2024, the Trustee filed an application to engage CHWWA as his general counsel, and the Court granted such application on August 13, 2024.[8] CHWWA's engagement was effective July 3, 2024.

---

[3]  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011).).

[4]  *Id.*

[5]  ECF No.1.

[6]  ECF No. 4.

[7] ECF Nos. 22 and 43

[8]  ECF Nos. 8 and 16, respectively.

9.      This Application covers the services rendered by the Applicant to the Trustee for the period from July 3, 2024 through September 30, 2024. Trustee's Application to Employ Counsel stated that Applicant would be paid from the assets of the Debtor' estates to the extent the Court allows fees and reimbursement of expenses after the filing and noticing of applications for compensation in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.  Applicant is seeking compensation pursuant to 11 U.S.C. § 503(b).  Applicant requests payment on an hourly basis, with fees ranging from $180.00 to $600.00 per hour, depending on the experience level of the attorney or professional and/or the nature of the work performed.

10.      The following is a summary of the attorneys and paralegals who performed services for the Trustee and for whom reimbursement is requested, and the total amounts requested for each individual:

| Timekeeper | Rate/Hour | Hours | Total |
|---|---|---|---|
| Jarrod B. Martin (JBM) | $  600.00 | 34.40 | $20,640.00 |
| Michael K. Riordan (MKR) | $  585.00 | 15.80 | $  9,243.00 |
| Tara T. LeDay (TTL) | $  575.00 | 0.40 | $     230.00 |
| Raneen I. Abdelgahnia (RIA) | $  465.00 | 22.60 | $10,509.00 |
| Lara A. Coleman (LAC2) | $  340.00 | 80.60 | $27,404.00 |
| Lara A. Coleman (LAC2) | $  170.00 | 2.90 | $     493.00 |
| Valerie N. Herrera (VNH5) | $  180.00 | 0.30 | $       54.00 |
| TOTALS: | | 157.00 | $ 68,573.00 |
| **AVERAGE HOURLY RATE:** | **$  436.77** | | |

11.      The total fees requested are $68,573.00.  Also, note that the rates reflected above are lower than the rates Applicant charges its non-bankruptcy clients for similar services.

12.     The rates charged by Applicant are similar to the customary compensation rates charged by comparably skilled practitioners in cases other than cases under Title 11.

13.     Actual expenses incurred by Applicant on behalf of the Trustee during this time period were $5,307.77. A summary of expenses is as follows:

| | |
|---|---|
| Phonoscope Fiber | $2,453.94 |
| Delivery Fees | $  349.83 |
| CertificateofService.Com | $2,401.45 |
| Taxi | $   73.56 |
| Records | $   28.99 |
| | $ 5,307.77 |

14.     This is the first interim application for compensation and expenses for representation of the Trustee in conjunction with the Debtor's Chapter 7.

15.     The Trustee reviewed this Application and supports the payment of the Applicant for services rendered.

16.     This Application is submitted with the understanding that, in evaluating fees for professional services, it is relevant to consider various factors including the following: the time spent; the rates charged; whether the services were necessary to the administration of, or beneficial towards the completion of, the case at the time they were rendered; whether services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue or task addressed; and whether compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in non-bankruptcy cases.  These factors reflect the standards articulated in § 330 and Bankruptcy Rule 2016 for awarding compensation to professionals employed under § 327 or § 1103.

A.    STANDARDS RELEVANT TO AWARDING REASONABLE COMPENSATION

17.    Section 330 of the Bankruptcy Code authorizes the Court to award CHWWA

reasonable compensation for its actual and necessary services rendered and reimbursement

of its actual and necessary expenses incurred in the rendering of services as general counsel

to the Trustee. Section 330 provides:

> (a)(1) After notice to the parties in interest and to the United States Trustee
> and a  hearing, and subject to sections 326, 328, and 329, the court
> may award to a trustee, a consumer privacy ombudsman appointed
> under section 332, an  examiner, an ombudsman appointed under
> section 333, or a professional  person employed under section 327
> or 1103:
>
> > (A)    reasonable  compensation  for  actual,  necessary
> > services  rendered  by  the  trustee,  examiner,
> > ombudsman, professional  person or attorney and by
> > any paraprofessional person  employed by any such
> > person; and
> >
> > (B)    reimbursement   for   actual,   necessary   expenses.
> > 11 U.S.C. § 330(a)(1).

18.    This Fee Application substantiates the total amount that CHWWA seeks for

fees and expenses in accordance with each element of the customary standards applied to

fee applications. These standards are set forth in (i) Bankruptcy Rule 2016 and (ii) *In re

First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), cert. denied, 431 U.S. 904

(1977).

19.    In *First Colonial*, the Fifth Circuit adopted the following twelve factors to

apply to the determination of awards of attorneys' fees in bankruptcy cases: (i) time and

labor required; (ii) the novelty and difficulty of the questions; (iii) the skill requisite to

perform  the  legal  service  properly;  (iv)  the  preclusion  of  other  employment  by  the

professional due to acceptance of the case; (v) the customary fee; (vi) whether the fee is contingent or fixed; (vii) time limitations imposed by the client or the circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the "undesirability" of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases.[9]  These factors were taken from *Johnson v. Georgia Highway Express, Inc.*, a non-bankruptcy case, and are commonly referred to as the "Johnson factors."[10]

20.    The original Johnson factors, as embraced by *First Colonial,* remain applicable to the determination of reasonableness of fees awarded under the Bankruptcy Code.[11]  A majority of the *Johnson* factors are now codified under § 330(a).[12]

21.    The Fifth Circuit has rejected the "hindsight" or "material benefit" standard that was originally set forth in *In re Pro-Snax Distributors, Inc.*[13]  In its place, the Fifth Circuit enunciated a new, prospective standard based on whether the services of counsel were reasonably likely to benefit the estate at the time which they were rendered.[14]  All services rendered by CHWWA satisfy the *Woerner* standard because they were reasonably likely to benefit the estate at the time rendered.

---

[9]  *First Colonial*, 544 F.2d at 1298-99.

[10]  488 F.2d 714, 717-19 (5th Cir. 1974)

[11]  *See* 15 King, *Collier on Bankruptcy*, ¶ 330.04[3] at 330-35 to 330-41.

[12]  *Id.*

[13]  157 F.3d 414 (5th Cir. 1998).

[14]  *See In re Woerner*, 783 F.3d 266, 276 (5th Cir. 2015).

B.   **NATURE AND EXTENT OF SERVICES PROVIDED BY CHWWA**

22.    Pursuant to the U.S. Trustee's Guidelines, CHWWA classified all services performed for which compensation is sought into categories. CHWWA generally utilizes the American Bar Association Code Set, although depending on the needs of the case, includes additional task codes. CHWWA attempted to divide the services it rendered the Trustee for the benefit of the Bankruptcy Estates into nine appropriate categories. However, because certain services may relate to more than a single category, services pertaining to one category may be included in another category. A summary of the time expended by CHWWA attorneys and paralegals, together with their respective hourly rates by project category are attached as **Exhibit A**. A detailed statement of the services rendered, time expended, and expenses incurred is attached hereto as **Exhibit B** provides detailed descriptions of the services CHWWA rendered with respect to each of these categories.

C.   **ADDITIONAL STANDARDS FOR AWARDING OF ATTORNEYS' FEES**

    I.   **NOVELTY AND DIFFICULTY OF LEGAL PROBLEMS INVOLVED**

23.    The first *Johnson* factor examines the degree of novelty and difficulty of the issues encountered by CHWWA. With respect to the matters described herein, numerous difficult and complex legal problems have been addressed and considered by CHWWA, all of which have required knowledge of the application of the Bankruptcy Code, Bankruptcy Rules, BLR and court decisions interpreting the same. The Applicant would note that Mr. Martin has represented trustees in scores of cases, and this representation was

novel in that there were issues related to exemptions in the bankruptcy estate, the sale of bankruptcy estate property, and priority claim disputes.

## II.   CUSTOMARY FEE

24.     The next relevant factor to be considered is the reasonable hourly rate by which the reasonable number of hours expended by CHWWA are to be multiplied. Subsumed in this analysis are the following guidelines, as noted in Johnson: the customary fee charged by the applicant, awards in similar cases, the level of skill necessary, the amount involved, the results obtained, the reputation of the professional and the undesirability of the case.

25.     CHWWA's hourly billing rates, as set out in **Exhibit B**, are computed at a reduced rate from what CHWWA regularly charges its hourly clients.

26.     The hourly rates charged by CHWWA are also lower than or commensurate with the customary fees charged by professionals of similar experience, reputation and abilities in this  community, as well as those rates charged regionally and nationally.   Additionally, the hourly rates  charged by CHWWA are consistent with the amount involved in these cases, the results obtained by CHWWA,  and the level of skill necessary to perform the work.  Further, the Applicant routinely uses paralegals to perform work at a reduced rate and with oversight, the average billing rates for clients are significantly reduced.   Accordingly, the hourly billing rates charged  by CHWWA are reasonable.

### III.        SKILL REQUIRED FOR PERFORMANCE OF LEGAL SERVICES

27.      The issues and matters addressed in these cases required skill and expertise. CHWWA's attorneys, with varying levels of experience and seniority, have  been used effectively and efficiently to perform the tasks assigned to them and have provided valuable and effective assistance to the Trustee.   A thorough understanding of the Bankruptcy Code and Bankruptcy Rules was blended with business expertise to assist the Trustee in these complex Chapter 7 Cases.   The compensation requested by CHWWA is consistent with the compensation awarded in other cases of  similar size and complexity.

### IV.        RESULTS OBTAINED

28.      CHWWA's actions in this case have assisted the Trustee in connection with this Bankruptcy Case in analyzing the schedules and statement of financial affairs, evaluating what assets were available for monetization(both scheduled and unscheduled), identifying bank accounts and receivables, and collecting the same, negotiating with creditors related to administrative claims, working with potential buyers of the Debtor's assets, obtaining a stalking horse bidder, negotiating cash collateral usage and a carveout for unsecured creditors; assisting the Trustee in due diligence related to the Debtor and the buyer of the assets; employing the Applicant and special ERISA counsel; evaluating certain causes of action for potential litigation and identifying any preferential transfers; and generally advised the Trustee during this bankruptcy case regarding the effective administration of the estate.

### V.     EXPERIENCE, REPUTATION AND ABILITY OF CHWWA

29.     CHWWA's attorneys have appeared throughout the United States providing legal representation to trustees, debtors, secured creditors, unsecured creditors, and creditors' committees in proceedings under the Bankruptcy Code. Furthermore, CHWWA has particular experience in the areas of insolvency, workout and corporate reorganization. CHWWA's clients include individuals, small business organizations, public companies, financial institutions, insurance companies, Court appointed trustees and receivers, and many others. CHWWA has an active bankruptcy and restructuring practice, but is also a full service firm that provides the necessary expertise in a variety of issues affecting this Bankruptcy Case, including bankruptcy, corporate, labor and employment, finance, and insurance. Most importantly for this case, CHWWA regularly represents Trustees in the evaluation and investigation of assets of the bankruptcy estate; negotiating carve-outs with secured lenders; litigating Chapter 5 causes of action, and advising Trustees of their rights and responsibilities in bankruptcy

### VI.     CONTINGENT NATURE OF FEES AND UNDESIRABILITY OF CASE

30.     No contingent fees are requested in these cases.

### VII.     TIME LIMITATIONS IMPOSED BY THE CASE

31.     The time demands of this representation have not resulted in a disproportionate  allocation of resources by CHWWA.

32.     The fees requested during the Application Period $68,573.00. CHWWA rendered 157.0 hours in legal services to the Trustee for the benefit of the Bankruptcy Estate during the Application Period. These fees were necessary for the proper and successful

administration of this Bankruptcy Case. CHWWA made every effort to keep all fees and costs to a minimum and utilizes a paralegal in order to accomplish this.

33.    As shown by this Fee Application and supporting exhibits, CHWWA spent its time economically and without duplication of time. For the convenience of the Court and all parties in interest, a summary of the time expended by CHWWA attorneys and paralegals, together with their respective hourly rates by project category are attached as **Exhibit A**. A detailed statement of the services rendered, time expended, and expenses incurred is attached hereto as **Exhibit B** and is incorporated herein by reference for all purposes.

34.    The following statement is provided pursuant to C.5. of the Appendix B of the United States Trustee's Guidelines:

    (a)    **Question**: Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

        **Answer**: Yes. CHWWA charges a reduced hourly rates for attorneys and paralegals when representing Trustees in bankruptcy cases.

    (b)    **Question**: If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

        **Answer**: N/A

    (c)    **Question**: Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**: No.

(d)   **Question**: Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

**Answer**: No.

(e)   **Question**: Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer**: No.

(f)   **Question**: If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer**: No.

35.    CHWWA requests that this Court award $5,307.77 in expenses and the following is a brief explanation of the expenses incurred by CHWWA:

a.   CHWWA uses certificateofservice.com as a third-party provider to handle mail-outs of pleadings as pursuant to the certificate of service. These charges are passed along to the client at the same amount charged by the certificateofservice.com for each mail-out. Because of the complexity of the Chapter 7 Cases, each mail-out does not go to

        the same party, nor is each mail out the same number of pages. CHWWA receives a discounted rate for postage and the cost per page depends on whether a pleading or other mailing is mailed one- or two-sided and whether the pages are reduced.

    b.    CHWWA also paid filing fees on behalf of the bankruptcy estate to prosecute a motion to auction/sell free and clear of liens.

    c.    CHWWA paid fees to Phonoscope to maintain the internet connection to allow the IT vender to maintain the server and obtain documents for CHWWA to evaluate assets and liabilities and to preserve documents for a buyer.

    d.    Travel and delivery expenses were also advanced.

36.    At all times covered by this Fee Application, CHWWA diligently fulfilled its duty as bankruptcy counsel for the Trustee. All services rendered by CHWWA benefitted the estate at the time that such services were rendered. Services performed by CHWWA throughout the Application Period for this Bankruptcy Case were done in a professional, skilled and expeditious manner, requiring substantially less time than would have been required by counsel with less experience and a cost significantly cheaper than many of CHWWA's counterparts. Every action of CHWWA was taken to reduce the legal hours expended and matters not demanding the services of senior level attorneys were assigned to associates, and paralegals.

37.    No agreement exists between CHWWA and any other person, firm or entity for division or sharing of compensation in these cases.

38.    The above narrative portion of this Fee Application is primarily intended to serve as a summary recapitulation of the major areas of CHWWA's activities and

responsibilities.  The exhibits   provide complete recapitulations of the acts taken by
CHWWA on behalf of the Trustee during the Application Period for this Bankruptcy Case.

  **WHEREFORE**, CHWWA requests that this Court approve compensation for
services rendered by CHWWA during the Application Period in the total amount of
$73,880.77, which amount consists of $68,573.00 in fees and expenses of $5,307.77, on
an interim; and for such other and further relief as may be just and proper.

  Dated: October 29, 2024

       Respectfully submitted,

       **CHAMBERLAIN, HRDLICKA, WHITE,**
        **WILLIAMS & AUGHTRY, P.C.**

       By: */s/ Jarrod B. Martin*
       Jarrod B. Martin
       Texas Bar No. 24070221
       1200 Smith Street, Suite 1400
       Houston, Texas 77002
       D: 713.356.1280
       F: 713.658.2553
       E: jarrod.martin@chamberlainlaw.com

       *Counsel for Randy W. Williams,*
       *Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on October 29, 2024, a true and correct copy of the forgoing application has been forwarded by ECF to the parties listed below.

**Debtor's Attorney**
**Richard L Fuqua, II**
Fuqua & Associates, PC
8558 Katy Freeway
Suite 119
Houston, TX 77024

**Matthew Dennis Giadrosich**
Padfield & Stout, LLP
100 Throckmorton Street
Suite 700
Fort Worth, TX 76102

**US Trustee**
Office of the US Trustee
515 Rusk
Suite 3516
Houston, TX 77002

*/s/ Jarrod B. Martin*
Jarrod B. Martin