**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NATIONAL SIGNS, LLC** | § | **CASE NO.: 24-32403-H5-7** |
| | § | |
| | § | |
| | § | |
| | § | |
| **DEBTOR.** | § | **CHAPTER 7** |

**CHAPTER 7 TRUSTEE'S REPORT OF SALE**

**TO THE HONORABLE U. S. BANKRUPTCY JUDGE, JEFFREY P. NORMAN:**

COMES NOW, Randy W. Williams, Trustee for the estate of National Signs, LLC ("Trustee") and files this *Report of Sale*.  Pursuant to the *Order Approving Successful Bid, Back Up Bid, And Sale* [Docket No. 99] entered on October 9, 2024, the Trustee sold estate assets pursuant to the bidding procedures listed on the *Order (I) Approving Bidding Procedures; (II) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (III) Approving Form of Stalking Horse Agreement: (IV) Scheduling Bid Deadline, Auction Date, and Sale Hearing Date;  and (V) Granting Related Relief* [Docket No. 85] entered on September 10, 2024. The Trustee's Bill of Sale is attached as **Exhibit A**.  The estate assets were sold for a purchase price of $930,000.00

Dated: November, 12, 2024

Respectfully submitted,

   */s/ Randy W. Williams*
Randy W. Williams, Trustee
State Bar No. 21566850
7924 Broadway, Suite 104
Pearland, TX 77581
281-884-9262

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing ***Trustee's Report of Sale***, has been sent to the office of the U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas 77002 by United States first class on this the 12th day of November, 2024, unless served via ECF at the time of filing.

*/s/ Randy W. Williams*
Randy W. Williams

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NATIONAL SIGNS, LLC** | § | **CASE NO. 24-32403** |
| | § | |
| | § | **CHAPTER 7** |
| | § | |
| **DEBTOR.** | § | |

<u>**TRUSTEE'S BILL OF SALE**</u>

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, Randy W. Williams ("**Seller**"), as and only as the Chapter 7 Trustee of the bankruptcy estate (the "**Bankruptcy Estate**") of National Signs, LLC, pending in the United States Bankruptcy Court, Southern District of Texas, Houston Division, Case No. 24-32403, has granted, bargained, sold, transferred and delivered and, by these presents does grant, bargain, sell, transfer and deliver, unto Pacal Legend, LLC and/or its assignees ("**Buyer**"), whose address is 14409 Reeveston Road, Houston, Texas, 77039, this 24th day of October, 2024, any and all of the Seller's and the Bankruptcy Estate's rights and interests in in and to substantially all of the Seller's assets (collectively, the "**Assets**") other than the Excluded Assets (defined below).

1. The Assets include, without limitation

　1.1. All personal property located at the real property commonly known as 2611 El Camino St, Houston, TX 77054 (the "**Facility**"), (other than fixtures and leased personal property for which the Buyer has not designated the corresponding lease to be assumed and assigned on **Exhibit A** hereto) including, without limitation, inventory, equipment, work-in-progress, supplies, computers, servers, hard drives, vehicles, furniture, hard copy files and electronic files, owned by National Signs located at the Facility as of August 20, 2024.

　1.2. All personal property, (other than leased personal property for which the Buyer has not designated the corresponding lease to be assumed and assigned on **Exhibit A** hereto) including but not limited to inventory, equipment, work-in-progress, supplies, computers, servers, vehicles, furniture, fixtures, files, owned by National Signs located outside of the Facility as of May 24, 2024.

　1.3. all intellectual property and intangible assets, including but not limited to all:

　　1.3.1. company names, brands, logos, trademarks and other such content;

　　1.3.2. websites, URLs, and domain names, including all current and past content contained on those sites;

　　1.3.3. phone numbers including company mobile numbers

1.3.4. all current and past customer contact information including email addresses, prospect and vendor lists, files, contracts, reports and information both electronic and hard copy files including those at offsite storage facilities;

1.3.5. all past and current employee contact information and employee files (other than protected health care information), including employee email addresses and past email content of all current and former employees, including general mailbox accounts;

1.3.6. current and past electronic and hard copy files, images, folders for clients, projects and vendors including production files;

1.3.7. current and past sign designs, drawings, details and images;

1.3.8. transferable licenses, approvals and industry affiliations;

1.3.9. operational processes, documentation and knowhow;

1.3.10. access to and transfer of all software, including but not limited to QuickBooks, Sales Force, and Base Camp, all online accounts, and social media accounts including logins and passwords; and

1.3.11. mass email accounts (e.g. Mailchimp, Constant Contact) with all content, including all documents and files related to marketing campaigns, and email lists;

1.4. all causes of action except those identified as Excluded Assets;

1.5. all executory contracts and unexpired leases designated by Buyer for purchase on **Exhibit A** hereto (the "**Executory Contracts**"); and

1.6. all other assets that are not Excluded Assets, including but not limited to all verifiable Accounts Receivable as of May 24, 2024.

2. **Excluded Assets.** The term "Excluded Assets" means the following assets of Seller, all of which are and shall be excluded from the purchase and sale transaction provided for in this Agreement:

2.1. the purchase price paid by Buyer to Seller for the Assets;

2.2. all rights of Seller under that certain asset purchase agreement, dated September 30, 2024, between Buyer and Seller (the "**APA**");

2.3. all rights of Seller under any asset purchase agreement between Seller and Meridian Signs, LLC

2.4. all cash or cash-like assets on hand;

2.5. all Executory Contracts not designated in writing by Buyer prior to the Closing Date for purchase;

2.6. all bank accounts and funds therein; and

2.7. all claims and causes of action under chapter 5 of the Bankruptcy Code.

The sale of the Assets by Seller to Buyer is made in exchange for a purchase price of $930,000, which constitutes good and valuable consideration the receipt and sufficiency of which is hereby acknowledged and confessed.

**SELLER MAKES NO WARRANTIES OR REPRESENTATIONS, AND BUYER, BY ITS ACCEPTANCE HEREOF, ACKNOWLEDGES AND AGREES THAT HE ACCEPTS THE PROPERTY AS IS WHERE IS WITHOUT REPRESENTATION OR WARRANTY.**

**IN WITNESS WHEREOF**, this Bill of Sale has been executed by Seller as of the 25th day of October, 2024.

_____
Randy W. Williams, as and only as the Chapter 7 Trustee of the Bankruptcy Estate of National Signs, LLC

Signed, sealed and delivered in the presence of:

Print Name: _____ROBERT A. HEINLY JR._____

STATE OF TEXAS            §
COUNTY OF HARRIS          §

BEFORE ME, the undersigned authority, on this 25th day of October, 2024, appeared Randy W. Williams, in his capacity and only in his capacity as Trustee of the Bankruptcy Estate of Shambhala Treatment Center, LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed.

_____
NOTARY PUBLIC in and for THE STATE OF TEXAS
My Commission Expires: ___5/13/2027___

ROBERT A. HEINLY, JR
Notary Public, State of Texas
Comm. Expires 05-13-2027
Notary ID 10006502

# <u>EXHIBIT A</u>
# EXECUTORY CONTRACTS AND UNEXPIRED LEASES
# DESIGNATED FOR PURCHASE BY BUYER

- [None]