## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| | § | |
| **NATIONAL SIGNS, LLC** | § | **Case No.: 24-32403** |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

## MOTION OF MEMORIAL HERMANN HEALTH SYSTEM FOR ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN DEBTOR, MEMORIAL HERMANN HEALTH SYSTEM, AND PRO PAINTERS PURSUANT TO BANKRUPTCY RULE 9019

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, UNLESS OTHERWISE DIRECTED BY THE COURT; YOU MUST FILE YOUR REPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB/USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED**

TO THE HONORABLE JUDGE OF SAID COURT:

Memorial Herman Health System ("**MHHS**" or the "**Owner**"), a party in interest in the above-captioned Chapter 7 case of **National Signs, LLC** (the "**Debtor**" or "**National Signs**"), hereby submits this motion (the "**Motion**") seeking approval of the Settlement Agreement and

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: National Signs, LLC (5816). The Debtor's service address is 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

Mutual Release between MHHS, Pro Painters ("**PP**" or "**Subcontractor**"), and National Signs, LLC, and respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    BACKGROUND

2.      On May 24, 2024 (the "**Petition Date**"), the Debtors each commenced a voluntary case under the Bankruptcy Code with this court. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession.

3.      Memorial Hermann Health System is one of Texas's largest not-for-profit healthcare systems. It serves the greater Houston area with numerous hospitals, specialty clinics, and healthcare facilities. Memorial Hermann is a significant part of the Houston community and is involved in various construction and renovation projects to maintain and enhance its healthcare facilities.

4.      In 2017, Memorial Hermann entered into a Purchase Order Master Agreement with National Signs, LLC, to provide wayfinding signage at its facility at 929 Gessner, Houston, TX (the "**Project**"). The project was part of Memorial Hermann's efforts to improve navigation and signage within its healthcare facility.

5.      National Signs, as the general contractor, was responsible for procuring and installing the wayfinding signage at the Project. As part of its obligations, National Signs subcontracted Pro Painters to perform painting services related to the signage.

6.      PP provided labor and materials for the Project, completing their scope of work in accordance with the contract. However, National Signs has been unable to pay PP for their work due to financial difficulties, culminating in National Signs filing for bankruptcy.

### III.     PROPOSED SETTLEMENT

7.      To resolve any possibility of costly litigation and provide finality without additional legal expenses, MHHS and the Debtors (collectively, the "**Parties**") have agreed to the upon terms set forth in the Agreement attached hereto as **Exhibit A**.

8.      In relevant part[2], the Parties have agreed as follows:

- MHHS will pay PP the retainage in the amount of $37,702;

- MHHS and the Debtors will provide mutual releases, including lien releases;

9.      The settlement and compromise contemplated by the Agreement are in the best interest of the Debtor, its bankruptcy estate, and all stakeholders involved. The settlement avoids the need for additional costly litigation and ensures that PP receives payment for its work. This agreement allows MHHS to prevent enforcement of a lien against its property while also resolving outstanding payment issues to benefit all parties without further tying up funds in dispute.

### IV.     BASIS FOR RELIEF REQUESTED

10.     Section 105 (a) of the Bankruptcy Code and Bankruptcy Rule 9019 (a) grant this Court the authority to approve the Agreement. MHHS respectfully requests that the Court approve the Agreement and authorize all necessary actions by the parties to carry out the settlement terms.

---

[2] To the extent there is conflict between the summary of terms and the terms in the Agreement, the terms of the Agreement control.

A.  *The Pro Paint Settlement is Fair, Reasonable, and in the Best Interest of the Debtors' Estates*

11.      Section 9019(a) of the Federal Rules of Bankruptcy Procedure allows a court to approve a compromise or settlement "[o]n motion by the [debtor in possession] and after notice and a hearing." Under this rule, a bankruptcy court may approve a settlement if it is fair, reasonable, and in the estate's best interests. *Off. Comm. of Unsecured Creditors v. Moeller (In re Age Refin., Inc.)*, 801 F.3d 530, 540 (5th Cir. 2015). Approval of a settlement is ultimately within the discretion of the bankruptcy court. *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602 (5th Cir. 1980). Settlements are an integral part of the reorganization process and are considered a "desirable and efficient method" for concluding proceedings that might otherwise be lengthy, complex, and costly. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424–25 (1968).

12.      The Fifth Circuit applies a three-factor test for evaluating proposed settlements in bankruptcy cases. Courts consider (1) the probability of success in litigating the claim, considering uncertainties in fact and law; (2) the complexity, duration, and potential costs, inconvenience, and delays associated with litigation; and (3) any other relevant factors that support the wisdom of the compromise. *Age Refin*., 801 F.3d at 540.

13.      Besides the primary factors, the Fifth Circuit has identified two further considerations under the third prong of its settlement approval test. First, the Court should evaluate "the paramount interest of creditors, giving proper deference to their reasonable views." *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.),* 68 F.3d 914, 917 (5th Cir. 1995). Second, the Court should assess whether the settlement results from arm's-length

bargaining, free from fraud or collusion. *Age Refin.*, 801 F.3d at 540; *Foster Mortg.*, 68 F.3d at 918.

14.     When evaluating a settlement, the role of the bankruptcy court is not to resolve the underlying disputes. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court's task is to determine whether the settlement, taken as a whole, is fair and equitable. *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

15.     The Debtor bears the burden of demonstrating that the balance of the above factors supports a fair and equitable settlement. *In re Allied Properties, LLC*, 2007 WL 1849017, at *4 (Bankr. S.D. Tex. June 25, 2007) (citing *In re Lawrence & Erausquin, Inc.*, 124 B.R. 37, 38 (Bankr. N.D. Ohio 1990)); see also *In re GHR Companies, Inc.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985). The burden is not high; the Debtor need only show that the settlement falls within the "range of reasonable litigation alternatives." *In re Allied Properties, LLC*, 2007 WL 1849017, at *4 (citing *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983)); see also *Cook v. Waldron*, 2006 WL 1007489 at *4 (S.D. Tex. Apr. 18, 2006).

16.     The first factor considers the likelihood of success in litigation. In this case, PP could pursue a lien enforcement action against MHHS due to unpaid amounts owed for its work as a subcontractor for the Debtor, National Signs, LLC. While PP may have a strong claim, litigation to enforce a lien would be costly, time-consuming, and uncertain. The settlement avoids the risks associated with litigation, including legal expenses and potential delays. By ensuring PP receives payment without the need for further legal action, this settlement benefits both parties and mitigates the uncertainty inherent in a contested lien claim. Therefore, this factor supports the approval of the settlement.

17.     The second factor evaluates the complexity, expense, and duration of litigation. Litigation over payment disputes and lien rights, especially in the context of a bankruptcy proceeding, can be complex and drawn out. If PP were to pursue its lien rights against MHHS, it would require significant legal resources and create substantial inconvenience for both parties. The settlement resolves these disputes promptly, providing payment to PP and protecting MHHS's property from further legal entanglements. By avoiding the costs and delays of litigation, the settlement offers a simpler, faster, and more efficient resolution, which strongly favors approval under this factor.

18.     The third factor involves considering the paramount interests of creditors. The settlement serves the interests of all stakeholders, including PP, a creditor entitled to payment for its work, and MHHS, which avoids potential lien enforcement. The settlement ensures PP is compensated without further delay, protecting its interests as a creditor. Additionally, the settlement protects MHHS from further legal action that could cloud its property title. The resolution also supports the bankruptcy estate of the Debtor, National Signs, by preventing additional litigation that could further complicate the bankruptcy proceedings. As such, this factor supports approval, as the settlement aligns with the interests of all involved parties.

19.     The fourth factor assesses whether the settlement was the result of arm's-length negotiation. This settlement was the result of such negotiations between PP and MHHS, with no indication of fraud or collusion. Both parties were represented by counsel and sought a resolution that would fairly balance their respective interests. MHHS sought to avoid the potential lien enforcement against its property, while PP pursued payment for its work. The settlement reflects a fair and reasonable compromise to both parties, providing an equitable outcome through good-faith negotiations. This factor further supports the approval of the settlement.

20.     Accordingly, MHHS respectfully submits that the Court should approve the settlement with Pro Painters based upon the factors considered by courts in the Fifth Circuit.

B.  *The Debtors' Entry into the Pro Painter Settlement is a Reasonable Exercise of Debtors' Sound Business Judgement*

21.     Section 363(b)(1) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate" after notice and a hearing. In this jurisdiction, it is well-established that a debtor may utilize property outside the ordinary course of business under this provision when there is a valid business reason for doing so. For example, in *ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011), the court held that to satisfy its fiduciary duty to the debtor, creditors, and equity holders, the debtor-in-possession must articulate a sound business justification for the use, sale, or lease of property outside the ordinary course of business (quoting *In re Cont'l Air Lines, Inc.,* 780 F.3d 1223, 1226 (5th Cir. 1986)). Similarly, other courts have upheld this standard, such as in *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.*), 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005). Under the "business judgment rule," once a debtor presents a reasonable basis for its business decisions, courts generally defer to that judgment and refrain from entertaining objections (*In re Filene's Basement, LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014)).

22.     In this case, MHHS's entry into the settlement with PP represents a valid exercise of sound business judgment and should be approved. MHHS will resolve a potential lien dispute through the settlement without engaging in prolonged and costly litigation. By agreeing to a settlement payment, MHHS effectively satisfies Pro Painters' claims due to unpaid work performed under the subcontract with the Debtor, National Signs. This payment will prevent PP

from enforcing any lien rights against MHHS's property, thereby protecting the property from encumbrances and releasing MHHS from future claims related to the Project. The settlement allows MHHS to protect its interests and avoid further legal disputes, which is a reasonable and prudent business decision under the circumstances.

**V.     NOTICE**

23.     MHHS will provide notice of this Motion to the following parties: (i) the Office of the United States Trustee for the Southern District of Texas; (ii) the Debtor, National Signs, LLC; (iii) Pro Painters; (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002; and (v) all creditors and interested parties. MHHS submits that no further notice is necessary or required under the circumstances.

**VI.     NO PRIOR REQUEST**

24.     No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, Memorial Hermann Health System respectfully requests that the Court enter the proposed order approving the settlement agreement as requested herein and granting such other and further relief as the Court deems just and appropriate.

Dated: November 21, 2024
      Houston, Texas

Respectfully submitted,

**WEST MERMIS, PLLC**
By: _/s/ Joshua W. Mermis_
    Joshua W. Mermis
    State Bar No. 24039055
    Janadhi A. Seneviratne
    State Bar No. 24130780
    1301 McKinney, Suite 3120
    Houston, Texas 77010
    (713) 255-3550 - Telephone
    (713) 255-3551 – Facsimile
    jmermis@westmermis.com
    jseneviratne@westmermis.com

**ATTORNEYS FOR MEMORIAL HERMANN HEALTH SYSTEM**

## VII.   CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served to all parties listed on the "Master Service List" attached by first class mail, postage prepaid, and on all parties entitled to receive notice via CM/ECF on this 21st day of November 2024.


*/s/ Joshua W. Mermis*
Joshua W. Mermis

## VIII.   NOTICE OF HEARING

A hearing on this Motion will be held on December 18, 2024 at 1:30 PM in Courtroom 403, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, TX 77002. Parties wishing to appear may do so in person or via the court's virtual appearance system, as provided in the court's procedures.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| | § | |
| **NATIONAL SIGNS, LLC** | § | **Case No.: 24-32403** |
| | § | |
| Debtors.[3] | § | **Jointly Administered** |
| | § | |

**ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL**
**RELEASE BETWEEN ATIONAL SIGNS, LLC, MEMORIAL HERMANN**
**HEALTH SYSTEM, AND PRO PAINTERS PURSUANT TO BANKRUPTCY**
**RULE 9019**

Upon the motion, dated December 18, 2024 (the "**Motion**"),[4] submitted by Memorial Hermann Health System ("**MHHS**"), seeking approval of the proposed settlement between MHHS Pro Painters ("**PP**"), and National Signs, LLC (the "**Debtor**") on the terms set forth in the Motion, and granting related relief as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court in accordance with 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish

---

[3] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: National Signs, LLC (5816). The Debtor's service address is 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing,

**IT IS HEREBY ORDERED THAT:**

1.      Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d), and 363 of the Bankruptcy Code, the proposed settlement and mutual release by and between Memorial Hermann Health System ("**MHHS**"), Pro Painters ("**PP**"), and National Signs, LLC (the "**Debtor**"), on the terms set forth in the Settlement Agreement attached to the Motion, is hereby authorized and approved.

2.      The Parties are authorized to enter into, execute, deliver, and implement the terms set forth herein, as agreed to by the Parties.

3.      The Settlement Agreement is the product of extensive, good faith, arms' length negotiations between the Parties and their respective representatives.

4.      Neither Memorial Hermann Health System nor Pro Painters shall have any further interest, if any, in the goods or property described in the Settlement Agreement, to the extent such goods or property are in the possession of National Signs, LLC.

5.      Within three (3) calendar days after the entry of this Order, Memorial Hermann Health System ("**MHHS**") shall pay Pro Painters ("**PP**") $37,702 (the "**Settlement Payment**") in cash by wire transfer pursuant to the instructions to be provided by PP, as set forth in the Settlement Agreement.

6.      Upon PP's receipt of the Settlement Payment in immediately available funds:

a. All claims (as defined in the Bankruptcy Code) held by PP against MHHS or National Signs, LLC (the "Debtor"), including any lien rights related to the Project, shall be fully and finally paid, satisfied, released, and expunged;

b. PP shall deliver to MHHS (i) final lien waivers (which shall be unconditional), in form and substance reasonably acceptable to MHHS, for all work performed at the Property and all goods, labor, and materials supplied to, for, or in connection with the Project, duly executed by PP;

c. Any and all liens held by PP against the Property or any related entities of MHHS or the Debtor shall be fully and finally released, extinguished, and discharged;

d. Any and all contracts and outstanding purchase orders between PP and MHHS or National Signs, LLC, related to the Project, are terminated, and PP releases and shall not have any claims for damages based on termination or otherwise;

e. The Parties, including their respective affiliates, successors, and assigns, release and discharge each other from any and all actions, causes of action, claims, judgments, and demands, known or unknown, that they have or may have against each other arising from or related to the Project and the Bankruptcy Proceeding.

7.   To the extent applicable, the automatic stay pursuant to section 362(a) of the Bankruptcy Code is hereby lifted solely for the purpose of implementing the Settlement Agreement between Memorial Hermann Health System, Pro Painters, and National Signs, LLC, including the payment of the settlement amount, release of liens, and dismissal of any related claims.

3

8.    The Parties, including Memorial Hermann Health System, Pro Painters, and National Signs, LLC, are authorized to enter into, perform, execute, and deliver all documents and take all necessary or appropriate actions to immediately continue and fully implement the Settlement Agreement and carry out the relief granted in this Order. The Parties shall execute, acknowledge, and deliver all further acts, instruments, and assurances and take all actions necessary or desirable to fully implement the Settlement Agreement and consummate the transactions provided for in this Order.

9.    Except as set forth in this Order, nothing contained in the Motion, this Order, or any actions taken by Memorial Hermann Health System, Pro Painters, or National Signs, LLC pursuant to the relief granted in this Order shall be construed as: (i) an admission as to the validity of any claim against Memorial Hermann Health System or National Signs, LLC, (ii) a waiver or limitation of the rights of any party under the Bankruptcy Code or any other applicable law, or (iii) an approval of an assumption of any lease, sublease, or contract pursuant to section 365 of the Bankruptcy Code.

10.    Memorial Hermann Health System, Pro Painters, and National Signs, LLC are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order. To the extent that there is any inconsistency between the Settlement Agreement and this Order, the provisions of this Order will govern.

11.    This Order shall be immediately effective and enforceable upon its entry.

12.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

4

Dated: December _____, 2024
       Houston, Texas

_____
THE HONORABLE JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE

EXHIBIT
A

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

This Settlement Agreement and Mutual Release ("Agreement") is entered by and between Memorial Hermann Health Systems ("**MHHS**") and Pro Painters ("**PP**"). The parties are referenced here as "**Party**" individually and as "**Parties**" collectively. This Agreement is a binding contract pursuant to which the Parties have fully and finally settled the controversies presently existing or which may arise in the future between and among them, according to the terms of this Agreement.

## I.    DEFINITIONS

As used throughout this Settlement Agreement and Release, the terms listed below are defined as follows:

A.  "**Agreement**" shall mean this Settlement Agreement and Mutual Release.

B.  "**Bankruptcy Proceeding**" shall mean and include the Chapter 7 bankruptcy case filed by National Signs, LLC in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-3240, including any related claims, obligations, and proceedings that affect the Project.

C.  "**Claims**" shall mean and include any and all past, present, or future claims, demands, liabilities, obligations, actions, causes of action, damages, judgment, and costs (including attorney's fees), of every kind and nature, whether known or unknown, suspected or unsuspected, arising out of or related to the Project, the Property, and the Bankruptcy Proceeding.

D.  "**Effective Date**" shall mean and include the date on which this Agreement is executed by all Parties, or such later date as the Parties may mutually agree upon in writing.

E.  "**MHHS**" shall mean and include Memorial Hermann Health Systems, along with its predecessors, successors, parents, subsidiaries, affiliated companies, and assigns.

F.  "**PP**" shall mean and include Pro Painters, along with its predecessors, successors, parents, subsidiaries, affiliated companies, and assigns.

G.  "**National**" shall mean and include National Signs, along with its predecessors, successors, parents, subsidiaries, affiliated companies, and assigns.

H.  "**The Project**" shall mean and include the wayfinding signage installation and related work performed at the Memorial Hermann facility located at 929 Gessner, Houston, Texas, under the general contract between National Signs, LLC and Memorial Hermann Health System, and the subcontract between National Signs, LLC and Pro Painters.

I.  **"The Property"** shall mean and include the real property located at 929 Gessner, Houston, Texas**,** along with any and all improvements thereon. Memorial Hermann Health System owns this property, which is where Pro Painters performed work under its subcontract with National Signs, LLC.

J.  **"Released Claims**" shall mean and include all claims, rights, demands, and causes of action, whether known or unknown, arising from or related to the Project, Property, and Bankruptcy Proceeding, including but not limited to any claims for payment, lien rights, or other obligations related to the work performed by PP at the Property.

K.  **"Payment**" shall mean and include the sum of $37,702 to be paid by MHHS to PP under this Agreement in full satisfaction of all claims related to the Project and Property.

## II.    RECITALS

A.  **WHEREAS**, MHHS hired National to perform certain work, including wayfinding signage installation and related services, at the property located at 929 Gessner, Houston, Texas;

B.  **WHEREAS**, National hired PP as a subcontractor to perform painting and related services for the Project at the Property;

C.  **WHEREAS,** National filed for Chapter 7 bankruptcy on May 24, 2024, in the United States Bankruptcy Court for the Southern District of Texas, Case No. 24-3240;

D.  **WHEREAS,** MHHS and Pro Painters seek to resolve all outstanding amounts, including any unpaid retainage, related to the work performed by PP at the Property in light of the Bankruptcy Proceeding;

E.  **WHEREAS,** MHHS has agreed to pay PP the sum of $37,702 in full satisfaction of all claims, demands, and potential liens, and PP agrees to release any and all claims, liens, or potential claims against MHHS and the Property related to the Project;

F.  **WHEREAS,** this settlement agreement is contingent upon approval by the United States Bankruptcy Court for the Southern District of Texas in the National bankruptcy proceeding, Case No. 24-3240;

G.  **WHEREAS,** upon execution of this Agreement and receipt of the settlement payment, PP agrees to dismiss with prejudice any claims, demands, or actions it has filed or may file against MHHS and/or the Property related to the Project;

H.  **WHEREAS**, as part of this Agreement, PP agrees to execute an Unconditional Waiver and Release of Lien Rights upon receipt of the settlement payment, releasing any and all lien rights or claims it may have against the Property, MHHS, or any related entities;

I.  **WHEREAS,** the Parties wish to fully and finally settle and release all claims between them, on the terms set forth herein.

### III.    AGREEMENT

1.  **Settlement Payment.** Upon approval by the presiding judge of the Bankruptcy Proceeding, MHHS agrees to pay PP the total sum of $37,702 as full, final, and complete satisfaction of all Claims, demands, and potential liabilities arising out of or relating to the work performed by PP on the Project. The Settlement Payment shall be made within 3 days of the approval of this Agreement by the Bankruptcy Court.

2.  **Full Satisfaction and No Admission of Liability.**
    a.  *Full Satisfaction*. PP agrees, acknowledges, and accepts that the payments made under this Agreement constitute a full, final, and complete compromise and satisfaction of all matters or disputes that in any way relate to or arise out of the Claims.
    b.  *No Admission of Liability*. The Parties agree that neither the Settlement Payment nor the negotiations leading to this Agreement (including all statements, admissions, or communications) by the Parties or their attorneys shall be construed as admissions of liability, wrongdoing, breach, or violation of law by any Party. All liability is expressly denied. The consideration provided in this Agreement is solely for the purpose of settling disputed claims to avoid the expense, uncertainties, and risks associated with litigation.

3.  **Release of Claims and Lien Rights.**
    a.  *Release of Claims*. PP, in consideration of the Settlement Payment, releases, acquits, and forever discharges MHHS, its predecessors, successors, subsidiaries, affiliates, and assigns from any and all Claims, demands, causes of action, liabilities, and obligations of any kind, known or unknown, arising out of or relating to the Project and the work performed by PP.
    b.  *Lien Waiver*. Upon receipt of the Settlement Payment, PP agrees to execute an Unconditional Waiver and Release of Lien Rights, releasing any and all lien rights, mechanic's liens, or claims of lien against the Property or any associated assets of MHHS. The form of the lien waiver is attached as **Exhibit A** to this Agreement.

4.  **Dismissal of Pending Actions**. If PP has initiated any legal action against MHHS or its agents related to the Project, PP agrees to dismiss such action with prejudice within five days of receiving the Settlement Payment.

## IV.    REPRESENTATIONS AND WARRANTIES

5. **Materiality of Representations and Warranties.** The Parties agree and acknowledge that each of the representations and warranties in this Agreement are material, significant, and essential elements of this Agreement.

6. **Authority to Enter Agreement.** The Parties covenant that they have the full authority to enter into this Agreement and to bind their respective entities, heirs, successors, and assigns.

7. **Legal Advice and Understanding.** In entering into this Agreement, each Party represents that it has relied upon the legal advice of its attorney, who is the attorney of its own choice. The terms of this Agreement have been fully read and explained to each Party by its attorney, and those terms are fully understood and voluntarily accepted.

8. **No Further Claims.** PP further represents that by entering into this Agreement, it understands that all claims, known or unknown, will be barred upon execution of this Agreement and payment of the Settlement. No additional claims may ever be brought against MHHS or related parties with regard to the Claims.

## V.    MISCELLANEOUS

9. **Entire Agreement.** This Agreement represents the entire agreement between the Parties regarding the subject matter hereof and supersedes any prior written or oral agreements or understandings. Any amendments to this Agreement must be in writing and signed by both Parties.

10. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Texas, without regard to its conflict of laws principles.

11. **Paragraph Title.** The titles of the various sections herein are for reference purposes only and shall not alter or affect the substantive provisions of this Agreement. If any part of this Agreement is found to be invalid or unenforceable, the remainder shall remain in full force and effect.

12. **Supersession of Prior Agreement**. This Agreement supersedes any and all prior agreements, whether written or oral, between the Parties. It is understood that all future rights and obligations of the Parties shall be governed solely by this Agreement. Any modification or termination must be in writing and signed by the Parties.

13. **Severability**. If any provision of this Agreement is held to be invalid or unenforceable, all other provisions of this Agreement shall remain in full force and effect.

14. **Effective Date**. This Agreement is effective as of the date on which it is executed by all Parties.

## **RELEASING PARTY**

The signatory hereto further represents that signatory has read the foregoing document carefully and that signatory knows and understands the contents hereof and signs its name as its own free act.

## **MEMORIAL HERMANN HEALTH SYSTEM**


By:_____          _____

Printed Name:                                          Date Executed and Agreed To

Title:

STATE OF TEXAS                          §
                                        §
                                        §

BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he signed the same for the purposes and consideration therein expressed.

GIVEN under my hand and seal of office, this _____ day of _____, 2024.


_____-
NOTARY PUBLIC, STATE OF TEXAS

**RELEASED PARTY**

The signatory hereto further represents that signatory has read the foregoing document carefully and that signatory knows and understands the contents hereof and signs its name as its own free act.

**PRO PAINTERS**

By:_____            _____

Printed Name:                                                       Date Executed and Agreed To

Title:

STATE OF TEXAS                                §
                                                           §
                                                           §

BEFORE ME, the undersigned authority, on this day personally appeared Rick Rivas, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he has executed the same in the capacity and for the purposes and considerations therein expressed.

GIVEN UNDER my hand and seal of office this _____ day of _____, 2024.


_____
NOTARY PUBLIC, STATE OF TEXAS

**MASTER SERVICE LIST**
**National Signs, LLC**
**Case No. 24-32403**

**All Service made by US First Class mail, postage prepaid unless otherwise indicated**

| <u>Debtor</u> | <u>20 Largest Creditors</u> |
|---|---|
| National Signs, LLC<br>Matthew Dennis Giadrosich, Designated Representative<br>Via ECF: mdg@padfieldstout.com | Ann Harris Bennett<br>Susan R. Fuertes, Designated Representative<br>Via ECF: susan.fuertes@harriscountytx.gov |
| <u>Chapter 7 Trustee</u><br>Randy W Williams<br>*Chapter 7 Trustee*<br>7924 Broadway<br>Suite 104<br>Pearland, TX 77581<br>Via ECF: rww@bymanlaw.com | Hardscape Inc.<br>14611 Ormond Ct.<br>Houston, TX 77095<br>Via First Class U.S. Mail, postage prepaid |
| <u>Chapter 7 Trustee Counsel</u><br>Michael K. Riordan<br>Counsel for Randy W. Willaims<br>*Chamberlain, Hrdlicka, White, Willaims, & Aughtry, P.C.*<br>1200 Smith Street<br>Suite 1400<br>Houston, TX 77002<br>Via ECF: Michael.Riordan@chamberlainlaw.com | TSM Digital Printing<br>19887 FM 2252<br>Garden Ridge, TX 78266<br>Via First Class U.S. Mail, postage prepaid |
| <u>Office of the U.S. Trustee</u><br>Hector Duran Jr.<br>*Office of the United States Trustee*<br>For the Southern District of Texas<br>515 Rusk Street, Suite 3516<br>Houston, TX 77002<br>Via ECF: Hector.Duran.Jr@usdoj.gov | Baseline<br>PO Box 1606<br>Magnolia, TX 77353<br>Via First Class U.S. Mail, postage prepaid |
| <u>U.S. Attorney's Office</u><br>United States Attorney's Office<br>For the Southern District of Texas<br>Wells Fargo Plaza<br>1000 Louisiana Street, Suite 2300<br>Houston, TX 77002<br>Via First Class U.S. Mail, postage prepaid | Sudduth Search<br>1540 Alexander St<br>Houston, TX 77008<br>Via First Class U.S. Mail, postage prepaid |

| | |
|---|---|
| Pro Painters<br>7600 W Tidwell Ste 820<br>Houston, TX 77040<br>Via First Class U.S. Mail, postage prepaid | TruBlu HR Solutions, LLC<br>Allen H. Zwernemann, Designated<br>Representative<br>Via ECF: az@azlf.com |
| Interstate Signways<br>7415 Lindsey Road<br>Little Rock, AR 72206<br>Via First Class U.S. Mail, postage prepaid | Joyce & McFarland LLP<br>712 Main Street, Ste 1500<br>Houston, TX 77002<br>Via First Class U.S. Mail, postage prepaid |
| Flex Erect<br>6417 Toledo St<br>Houston, TX 77008<br>Via First Class U.S. Mail, postage prepaid | National Signs Real Estate<br>2001 Kirby Dr, Ste 1300<br>Houston, TX 77019<br>Via First Class U.S. Mail, postage prepaid |
| Uprite Services, LLC<br>PO Box 57806<br>Webster, TX 77598<br>Via First Class U.S. Mail, postage prepaid | Daktronics, Inc<br>201 Daktronics Drive<br>Brookings, SD 57006<br>Via First Class U.S. Mail, postage prepaid |
| Regal Plastics<br>9200 N Royal Ln, Ste 100<br>Irving, TX 75063<br>Via First Class U.S. Mail, postage prepaid | Bakers' Signs And Manufacturing<br>11201 FM Rd<br>Conroe, TX 77306<br>Via First Class U.S. Mail, postage prepaid |
| Gordon & Rees<br>1111 Broadway, Ste. 1700<br>Oakland, CA 94607<br>Via First Class U.S. Mail, postage prepaid | Hiretech<br>PO Box 650756<br>Dallas, TX 75265<br>Via First Class U.S. Mail, postage prepaid |
| Practical Engineering Solutions<br>124 Heymann Blvd Ste 201<br>Lafayette, LA 70503<br>Via First Class U.S. Mail, postage prepaid | Eastern Metal Supply of Texas<br>PO Box 676026<br>Dallas, TX 75267-6026<br>Via First Class U.S. Mail, postage prepaid |
| Air Tool Exchange & Rental Co.<br>6500 Long Drive<br>Houston, TX 77087<br>Via First Class U.S. Mail, postage prepaid | |