United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 24-32403 |
| NATIONAL SIGNS, LLC, § | |
| § | |
| Debtor. § | |
| § | CHAPTER 7 |

### ORDER APPROVING FEE APPLICATION IN PART, AND DENYING IN PART

This matter is before the Court on the First Interim Application for Compensation by Chamberlain Hrdlicka White Williams & Aughtry, P.C. as Attorney for the Trustee (ECF No. 112). The applicant seeks professional fees and expenses under 11 U.S.C. § 330 for services rendered as counsel to the trustee. Applicant was employed as counsel under 11 U.S.C. § 327(e), and is requesting attorney's fees in the amount $68,573.00, and expenses in the amount of $5,307.77. The applicant has attached time records, which the Court can use to conduct a lodestar analysis. For the following reasons, this application is approved in part, and denied in part.

The Court has an independent duty to review fee applications, notwithstanding the absence of objections by the United States Trustee, creditors, or any other interested party.[1] The Court notes the lack of objection to the fee application. The Supreme Court has held that the lodestar method of fee calculation is the method by which federal courts should determine reasonable attorney fees under federal statutes which provide for such fees.[2] The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. However, the lodestar method also allows discretion to adjust the lodestar amount.[3] The Court may also consider other factors, including the twelve *Johnson*[4] factors.

Where the Court has approved the estate's retention of the trustee, and counsel representing the trustee, then, thereafter, when an application is filed requesting compensation, the Court must conduct an analysis under U.S. Code sections 328(b) and 330(a).[5] The purpose of § 330(a) is to ensure that the fees awarded to the trustee's firm are reasonable and for services actually and necessary rendered. Prior courts have found that non-legal services are non-compensable.[6] As such, this Court finds that any non-legal services are non-compensable. Any services falling into the categories outlined in § 704(a) as trustee's duties are non-compensable; including tasks related to **claim review and evaluation,[7] claim objection, property demand, communication with creditors and other parties in interest,[8] investigation of estate property,[9] selling or disposing of assets,[10] communication with and supervision of estate professionals,**

---

[1] *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1994). *See also In re Nucorp Energy, Inc.,* 764 F.2d 655, 657 n. 1 (9th Cir. 1985); *In re Copeland*, 154 B.R. 693 (Bankr. W.D. Mich. 1993); 11 U.S.C. § 330(a)(1); Fed. R. Bankr. P. 2016.
[2] *See, e.g., Pennsylvania v. Delaware Valley Citizens Council for Clean Air*, 483 U.S. 711 (1987) (lodestar method used to calculate fees under Clear Air Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)(lodestar method used to calculate fees under 42 U.S.C. § 1988); *Shipes v. Trinity Industries*, 987 F.2d 311 (5th Cir. 1993).
[3] *In re Cole*, 18-35182, 2020 WL 4577236 (Bankr. S.D. Tex. July 20, 2020).
[4] *Johnson v. Georgia Highway Exp., Inc*., 488 F.2d 714 (5th Cir.1974).
[5] *In re King*, 546 B.R. 682 (Bankr. S.D.Tex. 2016).
[6] *In re Kusler*, 224 B.R. 180 (Bankr.N.D.Okla.1998)
[7] See entries at 7/29/24, 8/12/24, 8/19/24, 8/21/24, and 8/23/24.
[8] See entries at 7/23/24, 8/12/24, 8/15/24, 8/21/24, 9/9/24, and 9/23/24.
[9] See entries listed under Task B120.
[10] See entries at 7/25/24, 8/7/24, 8/12/24, and 8/13/24.

**review of the debtor's records, and review of pleadings**.[11]  The Court disallows the amount $13,731.50 for these entries.

The Court also has concerns about the billing rate of $340.00 per hour for a paralegal, especially when it appears that the paralegal needs substantial supervision via email, conferences and phone calls from senior counsel. However, given the lack of evidence, the Court declines to adopt any prevailing hourly rates for paralegals in this case at this time.  The Court notes the lack of objection to the fee application, and the approval of counsel's employment setting forth the paralegal billing rate of $340.00 per hour.

The instant fee application contains numerous entries that are vague and/or lump services together: The entry in the time records at 9/26/24 is illustrative. "prepare for and participate in phone all with purchaser" (.50).  The court is unable to determine how much time was spent on each individual task and whether one task took substantially more time that the others.  The court will therefore reduce the fees requested for time that was vague or bundled[12] by 20% or $382.90.

Further, the services performed must be legal in nature, rather than clerical. This application contains many instances of the applicant's billing for work which is routinely performed by secretaries and should not be billed to the client. Case law suggests that "ministerial tasks" (typing, file organization, document preparation, searching or filing documents on PACER, etc.) performed by a professional or paraprofessional should not be allowed as a separate charge because it is part of the office overhead, which should already be built into the counsel's hourly rate.[13]  The instant fee application contains numerous instances where counsel billed for clerical tasks.[14] A total of $3,502.00 was billed for these secretarial tasks and is not approved.

**THEREFORE, IT IS ORDERED** that the First Interim Fee Application is approved in part and denied in part, and the applicant is awarded compensation on an interim basis the amount of $50,956.60, and expenses in the amount of $5,307.77, for a total sum of $56,264.37.

**IT IS FURTHER ORDERED** that the Trustee is authorized to pay Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C. $56,264.37 on an interim basis.

SIGNED 12/16/2024

_____
Jeffrey Norman
United States Bankruptcy Judge

---

[11] See entries at 7/19/24 and 8/26/24.
[12] See entries at 7/10/24, 7/24/24, 8/9/24, 8/13/24, 8/19/24 and 8/22/24.
[13] *In re Dimas,* LLC, 357 B.R. 563, 577 (Bankr. N.D. Calif. 2006).
[14] See entries at 7/3/24, 7/29/24, 7/3024, 7/15/24, 7/16/24, 7/26/24, 7/27/24, 7/29/24, 8/12/24, 8/20/24, 8/2/24, 8/31/24, 9/1/24, 9/18/24, 9/26/24, 7/11/24, 8/23/24, and 8/26/24.