IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| **National Signs, LLC,** | § § | **Chapter 7** |
| | § | **Case No. 24-32403 (jpn)** |
| Debtor. | § | |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MATTHEW J. BORROR AS SPECIAL ERISA COUNSEL TRUSTEE**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> A HEARING HAS BEEN SCHEDULED FOR APRIL 1, 2025 AT 1:30 P.M. BEFORE THE HONORABLE JEFFREY P. NORMAN. PLEASE DO NOT APPEAR IN PERSON.
>
> PLEASE NOTE THAT ON MARCH 24, 2020, THROUGH THE ENTRY OF GENERAL ORDER 2020-10, THE COURT INVOKED THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS.
>
> PARTIES MAY PARTICIPATE IN ELECTRONIC HEARINGS BY USE OF AN INTERNET CONNECTION. TO ACCESS THE HEARING, DIAL 1 (832) 917-1510. CONFERENCE CODE: 174086.
>
> TELEPHONIC PARTICIPANTS MAY CONNECT ON-LINE TO VIEW THE COURT'S BROADCAST ONTO THE COURTROOM'S TELEVISION MONITORS. TO VIEW ONLINE, YOU MAY CONNECT THROUGH THE WEBSITE LOCATED AT:
>
> https://www.gotomeet.me/JudgeNorman

**TO THE HONORABLE JEFFREY P. NORMAN, UNITED STATES BANKRUPTCY JUDGE:**

Matthew J. Borror ("**Applicant**"), respectfully submits his *First and Final Application for Compensation and Reimbursement of Expenses by Matthew J. Borror as Special ERISA Counsel* ("**Application**"). The total amount for which the court's approval is sought is compensation of

$11,572.00 in professional fees to be paid from the bankruptcy estate ("**Estate**"). In support of the Application, Applicant respectfully shows as follows:

## JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012–6 (S.D. Tex. May 24, 2012). This Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. The statutory bases for the relief requested are sections 327(a), 330, and 704(a) of title 11 of the United States Code of the Bankruptcy Code,[1] Rules 2014, 2016, and 6003 of the Federal Rules of Bankruptcy Procedure.[2]

3. Venue is proper in pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This Court has constitutional authority to enter a final order regarding this matter because the payment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.[3]

## BACKGROUND

5. On May 24, 2024, National Signs, LLC ("**Debtor**") filed a voluntary petition under Subchapter V of Chapter 11 commencing this bankruptcy case ("**Bankruptcy Case**").[4]

6. On May 30, 2024, the Office of the United States Trustee appointed Jarrod B. Martin ("**Martin**") as the Subchapter V Trustee for this case.[5]

7. Then on June 28, 2024, the Debtor filed a Motion to Convert Case from Chapter 11 to

---

[1] Any reference to "**Code**" or "**Bankruptcy Code**" is a reference to Title 11 of the United States Code, and any reference to "**Section**" or "**§**" refers to the corresponding section in Title 11, unless stated otherwise.

[2] Any reference to "**Rules**" or "**Bankruptcy Rules**" is a reference to the Federal Rules of Bankruptcy Procedure, unless stated otherwise.

[3] *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *Stern v. Marshall*, 564 U.S. 462 (2011)).

[4] ECF No.1.

[5] ECF No. 4.

Chapter 7, which was granted by Order dated July 1, 2024 ("**Conversion Date**"), Martin was terminated as the Subchapter V Trustee and Randy W. Williams was appointed as the Chapter 7 Trustee ("**Trustee**").[6]

8. On the Petition Date, the Debtor was the administrator and sponsor of the National Signs 401k Plan which is an ERISA-governed retirement plan. The Bankruptcy Code provides that the Trustee shall "continue to perform the obligations required of the administrator"[7]

9. On July 29, 2024, the Trustee filed his Application to employ Applicant as Special ERISA Counsel for the Trustee effective as of July 24, 2024 for the purpose of terminating the Retirement Plan, which was granted by Order dated August 31, 2024 ("**Employment Order**")[8]

10. Applicant has performed legal services for the Trustee, in connection with the Trustee's statutory duty to continue to perform the obligations required as the administrator of the Debtor's qualified plan, pursuant to the court's authorization and the Trustee's request. All of the services rendered by Applicant were performed for and on behalf of the Trustee and not on behalf of any committee, creditor, or other person.

11. Applicant is an attorney duly licensed to practice law in the state of California. Applicant's office is located at 1205 McBain Avenue, Campbell, CA 95008.

12. Applicant has made the disclosures required by law, has not received any payment for services rendered or to be rendered in connection with the representation of the Trustee in this case to date, and has no agreement or understanding with any other person with respect to sharing the compensation to be allowed Applicant for services rendered in this case.

---

[6] ECF Nos. 22 and 43

[7] 11 U.S.C. § 704(a)(11).

[8] ECF Nos. 29 and 74, respectively.

13. The professional services for which compensation is now requested by the Applicant were and will be necessarily performed by Applicant as special ERISA counsel for the Trustee in this case.

14. If Applicant is not allowed compensation as requested herein, such denial would have the effect of Applicant having provided, without compensation, valuable services, expertise and experience to the Trustee and would undermine the intent of §330 of the Bankruptcy Code.[9]

15. Attached as **Exhibit A** is a detailed statement of the services performed by Applicant. Included in **Exhibit A** is a statement reflecting the hours spent on the case by and the hourly rate of the Applicant. The statement for services included in **Exhibit A** includes a designation of each time entry to one of the specific projects discussed in the following paragraphs. As shown in detail in **Exhibit A**, Applicant's professional fees for the period covered by this Application total $11,572.00.

## TASK DESCRIPTION

16. The legal services performed by Applicant can be summarized by project as follows:

17. Wind Down of National Signs 401k Plan (26.3 hours; $11,572.00).

18. The professional time spent in this category was to represent the Trustee, in connection with fulfilling his statutory duty, in all matters relating to winding down the National Signs 401k Plan to ensure compliance with ERISA, Department of Labor guidance and the Internal Revenue Code. Applicant reviewed the National Signs 401k Plan documents and provided advice to the Trustee. Applicant explained to the custodian that the Trustee became the responsible party to the National Signs 401k Plan in connection with the bankruptcy and that all further instructions to the custodian would come from the Trustee rather than the prior representative of the employer Applicant drafted an amendment and resolution to terminate the National Signs 401k Plan as well as an IRS Form 8822(b)

---

[9] . *See, Matter of Baldwin United Corp.,* 36 B.R. 401 (Bankr. S.D. Ohio 1984); *In re Wilson Foods Corp.,* 36 B.R. 317 (Bankr. W.D. Okla. 1984).

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY MATTHEW J. BORROR AS SPECIAL ERISA COUNSEL** PAGE | 4

notifying them of a change to the responsible party of the National Signs 401k Plan. Applicant will invite each retirement-plan participant to make a benefit election and then process a distribution or rollover for each one who responds and establish a missing-participant IRA for each who does not respond in accordance with the Department of Labor guidelines. Applicant will prepare and submit a Form 5500 for the final plan year as required.

19. Future services will also be required to complete the termination of the Plan. Applicant has detailed the anticipated services in Exhibit A. This final fee application is filed in advance of that work because fairness to the participants requires that the final amounts be removed from the Plan before distributions are processed. These services include processing participant benefit elections and preparation and submission of all mandatory federal filings.

20. Applicant's services are necessary to ensure that the Trustee carries out his obligations as administrator, including winding down the National Signs 401k Plan, and to ensure compliance with the applicable provisions of the Bankruptcy Code, and IRS and DOL rules and regulations.

## THE FIRST COLONIAL FACTORS

21. Applicant has not received payment for fees or expenses incurred during the Application period.

22. The Fifth Circuit in *In re First Colonial Corp. of America*,[10] described certain factors which should be considered in compensating attorneys in Chapter 7 cases. Those factors are discussed in the following paragraphs.

  i. <u>Time and labor required and novelty and difficulty of the questions involved</u>. As reflected in **Exhibit A**, the Applicant expended a total of 40.8 hours on this case during the time period covered by this Application.
  ii. <u>Reputation of Applicant</u>. The Applicant regularly represents the Trustee as special ERISA counsel and is well qualified to represent the Trustee in this case

---

[10] 544 F.2d 1291 (5th Cir.), *cert. denied*, 97 S. Ct. 1696 (1977).

    iii.    <u>Skill required</u>. The preceding paragraphs reflect the skill required by this case. A higher than ordinary degree of skill has been required and employed by Applicant in the representation of the Trustee as special ERISA counsel for the reasons indicated.

    iv.    <u>Preclusion of other employment</u>. Applicant was precluded from engaging in other employment only to the extent of the 40.8 hours in this case during the Application period.

    v.    <u>Undesirability of the case</u>. A Chapter 7 case is only undesirable to the extent that Applicant's compensation is always contingent upon the availability of sufficient assets with which to reimburse Applicant for its fees and expenses incurred. Applicant is to be paid by the Estate.

    vi.    <u>Results obtained</u>. Applicant terminated the National Signs 401k Plan and distributed all assets to participants in accordance with IRS and Department of Labor requirements.

    vii.    <u>Time limitations imposed by the case</u>. Applicant has been available at all times to meet the Trustee's needs as they have arisen. There were no matters with deadlines imposed by the court, Bankruptcy Code or Bankruptcy Rules, but Applicant attended to matters with due regard for the Trustee's desire to quickly administer the assets and terminate the National Signs 401k Plan.

    viii.    <u>Customary charges for the services rendered</u>. Applicant's hourly rate is $440.00. The rate charged is commensurate with the abilities of the Applicant and equal to those customarily charged by the Applicant for equivalent work to non-trustee clients.

    ix.    <u>Contingent nature of the fee</u>. Fees to be paid to Applicant in any Chapter 7 case are dependent on the availability of assets and/or recovery of voidable transfers. Applicant was not hired on a percentage contingency agreement, but at the hourly rate noted in the Application to Employ and in **Exhibit A**.

    x.    <u>Nature and length of professional relationship with client</u>. Applicant has assisted the Trustee in the wind down of numerous debtor retirement plans in other bankruptcy proceedings.

23.    Applicant believes the compensation and reimbursement of expenses sought herein are reasonable and represent work that was and is necessary to wind down the National Signs 401k Plan, and thus allow proper administration of the estate.

24.    Applicant, in compliance with Rule 2016 of the Bankruptcy Code, hereby states that: (i) no compensation previously received has been shared with any other entity; and (ii) no agreement or understanding exists between the Applicant and any other entity for the sharing of compensation

received or to be received for services rendered in connection with this case. Applicant did not receive any pre- or post-employment retainer in this matter and is holding no funds belonging to the Trustee or the Debtors.

25. Applicant has submitted this Application to the Trustee for review prior to filing it, and she has no objection to it.

## PRAYER

WHEREFORE, Applicant prays that this court, after notice and hearing if desired by the Court, enter an order (i) authorizing on final basis compensation and expenses in the amount of $11,572.00 to be paid with assets of the National Signs 401k Plan; and (ii) granting such other and further relief to which Applicant may be entitled.

Dated: February 25, 2025

Respectfully submitted,

*/s/ Matthew J. Borror*
Matthew J. Borror
Law Office of Matthew J. Borror
1205 McBain Avenue
Campbell, CA 95008
Tel: 408.206.8873
Fax: 888.788.4345

*Special ERISA Counsel for Randy W. Williams, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on February 25, 2025, a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system and by first-class, postage pre-paid United States mail on creditors listed on the attached matrix.

      **CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, PC**

By: */s/ Jarrod B. Martin*
Jarrod B. Martin
Texas Bar No. 24070221
1200 Smith Street, Suite 1400
Houston, Texas 77002
D: 713.658.1818
F: 713.658.2553
E:  jarrod.martin@chamberlainlaw.com

*Counsel for Randy W. Williams,*
*Chapter 7 Trustee*